TERRENCE BURNS

*v.*

CHRISTOPHER C. MILLER *et al.*

*Filed at Mt. Vernon June 13, 1884.*

1. DESCRIPTION—*rejecting one of two descriptions of land in the same instrument.* Where there are two descriptions of the same premises in a deed or other writing, one of which is complete and the other has something added which is subordinate and incorrect, the incorrect or subordinate part may be regarded as surplusage.

2. A decree on a bill for the assignment of dower and partition of lands found that the ancestor of the heirs, and husband of the widow, died seized of the north-west quarter of the south-west quarter of section 1, and the north half of the south-west quarter of the south-west quarter of section 1, in town 14 south, range 2 east, and other lands described, and appointed commissioners to set apart the widow's dower in such lands, and divide the residue thereof between the heirs, if partition could be made without prejudice to the owners. The commissioners reported that they had examined "the said real estate," and set apart and allotted to the widow, "as her dower in full in and to said real estate," the north-west quarter of the south-west quarter, and the north half of the south-west quarter of the south-west quarter of section 2, town 14 south, range 2 east. It further appeared that the deceased ancestor never owned any such land in section 2: *Held*, that from the whole decree it was apparent the commissioners never intended to set off to the widow the land described as being in section 2, but on the contrary it was plain that the figure "2" was used when "1" was intended, and that the description of the land as being in section 2 might be rejected as surplusage.

3. EVIDENCE—*admissions amounting to proof of life tenant's death.*
The heirs of a deceased person can not recover in ejectment the lands of
their ancestor set off to the widow as dower, during her lifetime; but when
it is admitted on the trial that plaintiffs are *prima facie* entitled to recover
the lands in controversy by reason of being the heirs of F. M., deceased,
who died, etc., seized in fee of the lands, proof of the widow's death may be
regarded as waived or her death as conceded.

WRIT OF ERROR to the Circuit Court of Johnson county;
the Hon. DAVID J. BAKER, Judge, presiding.

Mr. A. G. DAMRON, for the plaintiff in error:

The evidence shows that the land allotted to the widow is
in section 2, and it is contended that the words in the decree
describing the widow's dower as being allotted in "section 2,"
must be rejected as surplusage or for repugnancy, and the
words "section 1" substituted. This is purely technical.

The cases of *Swift* v. *Lee,* 65 Ill. 336, *Myers* v. *Ladd,* 26
id. 415, and *Kruse* v. *Wilson,* 79 id. 233, are not applicable
to this case in their facts. The repugnancy here does not
arise in one continuous description of two different quantities,
with the intention of describing only one, but arises argu-
mentatively by comparison of different parts of the decree.

Mr. H. M. RIDENHOWER, for the defendants in error:

In the description of lands in conveyances and judicial
proceedings, it is held that if it can be made certain by
rejecting that which is repugnant or false, it will be done.
*Swift* v. *Lee,* 65 Ill. 336; *Myers* v. *Ladd,* 26 id. 415; *Blakely*
v. *Bestor,* 13 id. 708; *Miller* v. *Beeler,* 25 id. 163; *Kruse* v.
*Wilson,* 79 id. 233.

The rule is, where there are two descriptions in a deed,
the one, as it were, superadded to the other, and one descrip-
tion being complete and sufficient of itself, and the other,
which is subordinate and superadded, is incorrect, the incor-
rect description, or feature, or circumstance of the descrip-
tion, is rejected as surplusage, and the complete and correct

description is allowed to stand alone. *Myers* v. *Ladd*, 26 Ill. 415; *Kruse* v. *Wilson*, 79 id. 233.

Plaintiff in error, by admitting a *prima facie* case in the plaintiffs, admitted the death of the widow before the suit was brought, and he is now estopped from setting up a failure to prove that fact on the part of the defendants in error. *Stribling* v. *Prettyman*, 57 Ill. 372; *Hensoldt* v. *Town of Petersburg*, 63 id. 111.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of ejectment, brought by defendants in error, heirs at law of Frederick Miller, deceased, to recover the north-west quarter of the south-west quarter of section 1, and the north half of the south-west quarter of the south-west quarter of section 1, all in township 14, range 2, in Johnson county.

It was admitted on the trial that Frederick Miller died seized of the lands, in April, 1868, and that the plaintiffs are his heirs; but it was contended by the defendants that the lands had been sold under a decree rendered in the circuit court of Johnson county, in a proceeding between the widow and heirs of Frederick Miller, deceased, to assign dower and partition the lands belonging to his heirs. The decree of sale in the partition suit was put in evidence by the defendants on the trial, and the main question presented by the decree, and, indeed, by the entire record, is whether the lands in controversy were ordered sold by that decree. If they were, the defendants would be entitled to hold possession of the lands, as they claimed under a sale under the decree. If, on the other hand, they were set off to the widow as dower, then upon her death the heirs were entitled to the possession of the lands so set apart to her.

The decree was rendered at the September term, 1868, of the Johnson circuit court. Lavina Miller, the widow of Frederick Miller, and three of his children, were complain-

ants, and the balance of his heirs were defendants.  The decree found that at the time of his death Frederick Miller was seized in fee simple of the following described real estate, situate, lying and being in the county of Johnson, and State of Illinois, to-wit:   The south-west quarter of the south-west quarter, and the south-west quarter of the north-east quarter, of section 26, town 13 south, range 2 east, and part of the north-west quarter of the south-east quarter of section 2, town 14 south, range 2 east, beginning at the south-east corner of the above described tract of land, thence in a south-east direction, with the meanders of a branch, to the south line of said tract, thence east to the south-east corner, thence north eighty rods, thence west to the place of beginning, containing twenty acres, more or less; and the north half of the south-east quarter of the south-west quarter of section 1, town 14 south, range 2 east, twenty acres; and the north half of the south-west quarter of the south-west quarter of section 1, town 14 south, range 2 east, and the north-east quarter of the south-east quarter, and the north-west quarter of the south-west quarter of section 1, town 14 south, range 2 east, containing in the aggregate two hundred and sixty acres, more or less; and that no other person or persons than the said parties to this suit have any interest in or title to said real estate, in any manner whatever.   The decree then contained the following:

"It is ordered and decreed by the court that partition be made of said real estate among the several parties to this suit, equally, according to their respective shares, if the same can be done without prejudice or injustice to the owners and proprietors thereof; and that Robert M. Whitnel, W. D. Peeler and Joshua P. West be and they are hereby appointed commissioners to make said partition, and they are hereby ordered to report the same to the court, here, by nine o'clock in the morning of Saturday next.

"*Wednesday, Sept. 9, 1868.*—This day come the complainants, by their said solicitor, and also come the said commissioners, and submit to the court their report, showing that after having been duly sworn before W. D. Deans, a justice of the peace in Johnson county, as such commissioners, and examining the said real estate, they have set apart and allotted to the said Lavina Miller, widow of the said Frederick Miller, deceased, as her dower in full in and to said real estate, the following, to-wit: The north half of the south-west quarter of the south-west quarter, and the north-west quarter of the south-west quarter of section 2, town 14 south, range 2 east, in said county of Johnson, and State of Illinois, containing sixty acres, more or less; and they further report that the remainder or balance of said real estate can not be divided among the several parties to this suit without manifest injustice and prejudice to the several parties interested therein."

This report the court approved, and decreed as follows: "Therefore it is further ordered, adjudged and decreed by the court, that the balance of said real estate (not set off, as aforesaid, to the said Lavina Miller,) be sold by the master in chancery, at the court house door, in Vienna, at public auction, to the highest bidder."

It will be observed that Frederick Miller owned no land in section 2 except twenty acres, and that was located in the south-east quarter. So far as the north half of the south-west quarter of the south-west quarter, and the north-west quarter of the south-west quarter of section 2, town 14 south, range 2 east, are concerned, Miller never owned or claimed such lands, and it is apparent, when the entire decree is considered, that the commissioners never intended to set off to the widow the land described in section 2, but, on the contrary, it is plain that the figure "2" was used when "1" was intended. In the first part of the decree the court found

that Frederick Miller died seized of the north half of the south-west quarter of the south-west quarter, and the north-west quarter of the south-west quarter of section 1, town 14 south, range 2 east, and other lands particularly described, all in Johnson county, and containing in all two hundred and sixty acres. These lands, and these only, the court decreed should be divided, and commissioners were appointed to set off to Lavina Miller her dower in *these lands.* Now, the commissioners reported that they had examined *said real estate,—* that is, the land which the court had found belonged to Miller at the time of his death, and not the south-west quarter of section 2. They then report that they have set apart and allotted to Lavina Miller, widow, as her dower in and to said real estate, (that is, the land the court had found Miller was seized of at the time of his death,) the following. The description does not, however, conform to the description as contained in the former part of the decree. But in so far as the description of the land fails to conform to the description in the former part of the decree, it may be rejected.

The doctrine of *Myers* v. *Ladd,* 26 Ill. 415, may be invoked here. It was there held that where there are two descriptions of the same premises in a deed, one of which is complete and the other has something added which is subordinate and incorrect, the incorrect or subordinate part may be rejected as surplusage. Here, in the first part of the decree the sixty acres of land set-off to the widow is correctly described, but in the last part of the decree a mistake was made and the land described erroneously. From the reading of the whole decree the intention is so apparent to set off to the widow the lands in question, that we think the erroneous description may be rejected as surplusage, and allow the first description given in the decree to prevail. It is absurd to suppose that dower was given to the widow from lands never owned by her husband, and yet such is the result if the position of plaintiff in error is sustained.

It is also contended that the evidence fails to show that the widow is dead, and for this reason the judgment is erroneous. The heirs could not recover the lands set off to the widow as dower during her life; but as we understand the record, the death of the widow was conceded on the trial. It was admitted on the trial by the defendants, as appears by the record, that plaintiffs were *"prima facie* entitled to recover the lands in controversy, by reason of their being the heirs of Frederick Miller, deceased, who died in April, 1878, seized in fee of the lands." Under this admission, proof of the widow's death may be regarded as waived.

After a careful examination of the entire record, we are of opinion the judgment of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*