DANIEL HAYDEN

*v.*

CHARLES McCLOSKEY.

*Filed at Ottawa May 12, 1896.*

1. DEEDS—*immaterial variation from words of patent in description.* A deed of a tract of land described as "in section 1" of a certain township will convey title to the same land described in a patent as "of section 1."

2. ADVERSE POSSESSION—*herding cattle and cutting hay on vacant land not adverse to possession.* Herding cattle upon and cutting hay from open and vacant land, without such possession as to show that the land is claimed as belonging to the person so doing or to notify holders of the legal title of an assertion of ownership on his part, is not an adverse possession which may be added to subsequent possession to complete title.

3. EVIDENCE—*a legal title to land cannot be transferred by estoppel.* In ejectment, evidence that the plaintiff and defendant, at a time when neither had any title to the land, made bids to the holder of an invalid tax title, who executed a deed to the defendant, is incompetent, as legal title could not be transferred to defendant by an estoppel *in pais.*

4. EJECTMENT—*legal titles only are competent in ejectment.* In ejectment, legal titles alone are considered, and such titles can be transferred only by descent, devise or conveyance.

5. INSTRUCTIONS—*applying estoppel in pais to conveyance of interest in realty.* Instructions applying the doctrine of estoppel *in pais* to the

conveyance of permanent interests in real estate are erroneous,. where the action is ejectment.

6. APPEALS AND ERRORS—*what will not preclude party from complaining of instruction.* A plaintiff is not estopped from complaining of erroneous instructions, on appeal, by the fact that instructions given at his request related to the same thing, where such instructions gave his construction of evidence admitted over his objection, and stated that such facts would not bar him.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HALEY & O'DONNELL, for appellant:

The essential use and occupation by one claiming adversely must be of such unequivocal character as will. reasonably indicate to the true owner visiting the premises during the statutory period, that, instead of suggesting the probable invasion of a mere occasional trespasser, they unmistakably show an asserted exclusive appropriation and ownership. *Roberts* v. *Richards,* 84 Me. 1; *Lambert* v. *Stees,* 47 Minn. 141; *Village of Glencoe* v. *Wadsworth,* 48 id. 402; *Cook* v. *Farrah,* 105 Mo. 492.

To constitute adverse possession the occupancy must be sufficiently open and notorious to notify an ordinarily prudent owner of its existence. *DeFrieze* v. *Quint,* 94 Cal. 653; *Phillipson* v. *Flynn,* 83 Tex. 580.

The possession must be an actual, continued, visible, notorious, distinct and hostile possession. Substantially the same doctrine has frequently been announced by this. court. *McClellan* v. *Kellogg,* 17 Ill. 498; *Turney* v. *Chamberlin,* 15 id. 271; *Weaver* v. *Wilson,* 48 id. 125; *Ambrose* v. *Raley,* 58 id. 506; *Lancey* v. *Brock,* 110 id. 609.

Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal. *McClellan* v. *Kellogg, supra; Ambrose* v. *Raley, supra; Jackson* v. *Berner,* 48 Ill. 203; *Trustees of Schools* v. *Schroll,* 120 id. 509; Am. & Eng.. Ency. of Law, 228, note 2.

BENJAMIN OLIN, and E. MEERS, for appellee:

Where land is appropriated to such use as it is naturally fitted for, and the manner in which it is used by the person claiming title is such as to notify the public that the owner has asserted dominion over the property, such acts constitute possession. *Hubbard* v. *Kiddo*, 87 Ill. 581; *McLean* v. *Farden*, 61 id. 108; *Brooks* v. *Bruyn*, 18 id. 539; *Railroad Co.* v. *Nugent*, 152 id. 124; *Faloon* v. *Simshauser*, 130 id. 655.

Under the plea of the general issue in an action of ejectment, the defendant may give in evidence any matter of defense that may tend to defeat the plaintiff's action. Rev. Stat. chap. 45, sec. 19; *Warren* v. *Jacksonville*, 15 Ill. 241.

The defense of the Statute of Limitations is valid. No title has passed, but the right of entry is barred, and that bar is a good defense, at law, in ejectment. *Faloon* v. *Simshauser*, 130 Ill. 653.

A defense of fraud is good, in ejectment, to defeat recovery. *Kirkpatrick* v. *Clark*, 132 Ill. 351.

Parol partition does not pass title, but if a party is in possession under it he can, in an action of ejectment, set it up to defeat the plaintiff's recovery of possession. *Sontag* v. *Bigelow*, 142 Ill. 144.

An equitable defense, in ejectment, is proper, where it shows the holder of the title is not equitably entitled to possession. *Sands* v. *Kagey*, 150 Ill. 115.

A court of law will not allow possession to be disturbed, even by the holder of the legal title, if to disturb it would violate his agreements, express or implied, relied upon and executed by the other party. *Cutler* v. *Callison*, 72 Ill. 115; *Sheets* v. *Sweeney*, 136 id. 336.

Estoppels *in pais* may be set up in courts of law in ordinary common law actions. *Mann* v. *Qberne*, 15 Ill. App. 35; *Colwell* v. *Brower*, 75 Ill. 516; *Insurance Co.* v. *Grunert*, 112 id. 69.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit February 5, 1892, in eject-ment, against appellee, for the possession of a tract of land described as follows: "The south-east fraction (south of the Indian boundary line) of section 1, township 33; north, range 10, east of the third principal meridian." Appellee pleaded not guilty, and the further plea that he was not in the possession of the premises.

The tract of land is triangular, and there is a high-way running through it. Appellant was in possession of that part of the tract south and west of this highway, and appellee occupied that part north and east of the highway, containing 1.89 acres. The controversy at the trial was confined to the latter tract, and appellee ob-tained a verdict upon which judgment was entered.

Plaintiff showed title in himself by a patent from the United States to Grant Goodrich for the tract of land con-taining 3.76 acres, the will of Goodrich, and a deed from the trustees under said will to plaintiff. The patent de-scribed the tract as above, but it is claimed that the deed to the plaintiff did not establish title in him, because the patent described the land as "of section 1" while the deed gave it as "in section 1." The tract is a peculiar one, on account of two surveys by the government. The evidence shows that in 1821 or 1822 the land north of the Indian boundary line was surveyed and the survey was closed on that line. In 1834 there was a survey south of the line, when the surveyors ran north and closed their work on the line, paying no attention to the previous survey. The surveyors made a full section, numbered 12, and then had some eight chains and fifty or sixty links left to the boundary line, and called that section 1. The land was properly described in the deed, and it was the same as that described in the patent.

The defenses interposed were twenty years' adverse possession under the Statute of Limitations, and an es-

toppel of plaintiff to dispute the title of defendant on account of the purchase of a tax title by defendant from one John T. Donahoe.

So far as the Statute of Limitations is concerned, the evidence showed that the defendant owned the farm adjoining the tract in dispute on the north and east, and that he had this tract enclosed with his lands for about sixteen years before the commencement of this suit. He purchased the land east of the tract October 16, 1875, from John Shoop, and claimed that Shoop had some possession which, when coupled with his, covered a period of twenty years. Some of the witnesses thought that Shoop's fence extended on the tract, but defendant himself testified that it did not, and that he believed the land was not enclosed before he fenced it. Shoop sometimes herded cattle on the land and cut hay from it while it lay open and vacant, but it is very questionable whether any possession by him was of such a character as to show that he claimed the land as his own, or to notify the holders of the legal title of any assertion of ownership or appropriation on his part. Such possession must be actual, visible and exclusive, under a claim of title inconsistent with that of the true owner. *Turney* v. *Chamberlain*, 15 Ill. 271; *Ambrose* v. *Raley*, 58 id. 506.

When it was attempted to prove the alleged defense of estoppel, plaintiff objected to the evidence, but the objection was overruled, and defendant was permitted to prove that he and plaintiff met at the office of John T. Donahoe, and at Donahoe's suggestion they had each privately made figures as a bid for a tax title and had given them to Donahoe, when, defendant's price being the greater, Donahoe made a conveyance to him. This tax title was invalid, and defendant acquired no title by it. It appears that the defendant had been told that Donahoe had a tax title on the land, and went to him to purchase it. Donahoe appointed another meeting, and in the meantime got the plaintiff there, and then got

them to bid against each other for a deed from him. There was no agreement as to any division of the land, but plaintiff said he wanted all or none, and when defendant's bid was higher than his he left the office. Neither party had any title to the land at the time, and plaintiff subsequently acquired his title from the Goodrich estate. The evidence was incompetent. In an action of ejectment legal titles alone are considered, and they can only be transferred by descent, devise or conveyance. The legal title to the premises in controversy could not be transferred to the defendant by an estoppel *in pais,* which cannot be made available in an action at law. *Wales* v. *Bogue,* 31 Ill. 464; *Mills* v. *Graves,* 38 id. 455; *Blake* v. *Fash,* 44 id. 302.

By the twelfth instruction given at the instance of defendant the two defenses above mentioned were stated by the court, and the jury were instructed that if they found, from the evidence, that he had made out both or either one of said defenses by a preponderance of the evidence, they should find him not guilty. The fourteenth instruction stated that a party will be estopped from denying his own acts and admissions if they were expressly designed to influence the conduct of another, and if they did so influence it, and if such denial will operate to the injury of the person so acting. The fifteenth instruction stated the same doctrine, and that it was a matter of no importance whether such representations were made in direct language to the party, or whether they might be implied from the conduct of the party sought to be charged, provided such conduct was intended to influence the action of the other, and did so influence it to the latter's prejudice. The sixteenth further stated that to constitute an estoppel it was not necessary that the party should design to mislead, but that it was enough if the act or declaration was calculated to, and did in fact, mislead another to his injury while acting

in good faith and with reasonable diligence.  The seventeenth instruction was as follows:

"The jury are instructed that it is competent for parties owning adjoining tracts of land to settle, by agreement, what disposition, as between themselves, shall be made of a piece of land adjoining their premises and claimed by each of them; and if the jury shall believe, from the evidence, that the plaintiff and defendant owned adjoining tracts of land, or tracts of land between which is the piece of land in controversy in this suit, and a disagreement or dispute had arisen between them as to which one should have the piece of land in question, and that they agreed upon a settlement of the dispute in regard to such piece of land and acted upon such agreement, and that the defendant in good faith carried out his part of it, and thereupon parted with his money in reliance upon said agreement, then both parties are bound by such agreement."

These instructions were erroneous in applying the doctrine of estoppel *in pais* to the conveyance of permanent interests in real estate.  It is suggested, however, that the seventh, eighth and ninth instructions given at the request of plaintiff related to the same thing, and that therefore he cannot complain of those given for the defendant.  The plaintiff had objected to the introduction of the evidence, and his objection had been overruled. The instructions given at his request gave his construction of the evidence as it was introduced, and stated that such facts would not bar the plaintiff.  The evidence having been admitted against his objection, all that he did was to endeavor to meet the effect of it by stating that it would not bar his action, and no rule of law was laid down, in any of the instructions so given, conflicting in any manner with what is now claimed.

The judgment will be reversed and the cause remanded.
                                    *Reversed and remanded.*