## Charles McCloskey

*v.*

### Daniel Hayden.

*Opinion filed November 8, 1897.*

ADVERSE POSSESSION—*herding cattle and cutting hay on open land are not "adverse possession."*  Herding cattle upon and occasionally cutting hay from unenclosed lands are not alone such adverse possession as can be added to a subsequent actual possession of the land so as to complete the twenty years' possession required by section 1 of the Limitation act.

APPEAL from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

R. J. BARR, for appellant.

HALEY & O'DONNELL, for appellee.

Per CURIAM: This was ejectment brought by appellee in the circuit court of Will county to recover a triangular piece of land containing 1.89 acres, adjoining the farm of appellant.  The legal title was in appellee, the possession in appellant.  The defense on the last trial was the statute of limitations of twenty years' adverse possession. A former judgment in favor of appellant was reversed by this court in *Hayden* v. *McCloskey*, 161 Ill. 351.

The evidence under the issue now involved was substantially the same on the last trial as on the former one, —at least it was no more favorable to appellant. Appellant had enclosed this tract with his own land by fences, about seventeen years before the suit was brought. The possession prior to that relied on was only such possessory right as he and one Shoop appeared to exercise in herding cattle upon it as a piece of open land, and sometimes cutting prairie hay from it, except that in 1871 appellant cut a ditch, with Shoop's consent, through it as a continuation of a ditch draining his own land. When Shoop herded his cattle upon it he owned a small piece of land adjoining, which was also unfenced, and a farm near by which he cultivated. He sold and conveyed the farm and land he owned, to appellant in 1875, but did not include the strip in question which he had no title to. After his purchase appellant used it in the same manner as Shoop had, until he fenced it, as above stated. When the case was here before, in speaking of the alleged possession of Shoop, it was said: "It is very questionable whether any possession by him was of such a character as to show that he claimed the land as his own, or to notify the holders of the legal title of any assertion of ownership or appropriation on his part. Such possession must be actual, visible and exclusive, under a claim of title inconsistent with that of the true owner. *Turney* v. *Chamberlain*, 15 Ill. 271; *Ambrose* v. *Raley*, 58 id. 506."

We are satisfied that appellant failed to prove such a possession of the property for a period of twenty years as to sustain his defense, and that no error was committed in instructing the jury to find for the plaintiff upon his legal title.

The judgment will be affirmed.

*Judgment affirmed.*