DELL D. NICHOLS, Appellee, *vs.* CHARLES M. CALDWELL, Appellant.

*Opinion filed October 24, 1916—Rehearing denied Dec. 12, 1916.*

1. EJECTMENT—*when plaintiff in ejectment need not prove how ancestor acquired title.* Where the plaintiff in ejectment claims as heir of her father, whose ownership of the land at his death is established by a decree in a proceeding, to which the defendant was a party, to assign dower, and the defendant claims by deed from the widow, to whom the property was assigned as dower, both parties claim from a common source, and the plaintiff is not required to prove how her father acquired title.

2. SAME—*estoppel in pais not available as defense in ejectment.* The defense of an estoppel *in pais* to assert title is not available in an action of ejectment, where only legal titles are considered.

3. DOWER—*when omission of words of affirmation in commissioners' oath will not render the oath void.* The fact that the word "swear" or "affirm" does not appear in the commissioners' oath in a proceeding to assign dower will not render the oath void, where the jurat of the circuit clerk attached to the oath states that it was signed and sworn to by two of the commissioners before him; and the fact that but two of the commissioners took the oath does not render the proceeding subject to collateral attack.

4. SAME—*when part of the description in commissioners' report may be treated as surplusage.* Where a part of the description of the property in the commissioners' report is erroneous it may be treated as surplusage if the remainder of the description in the report constitutes a good description.

5. SAME—*when a decree in a proceeding to assign dower is not subject to collateral attack.* A decree in a proceeding for assignment of dower is not subject to collateral attack where the irregularities objected to do not render the proceeding void but are only such as can be taken advantage of upon appeal or writ of error and where there is no assertion of fraud in the proceeding.

6. LIMITATIONS—*when defense of Statute of Limitations can not be invoked in ejectment.* Where land assigned to the widow as dower is conveyed by her an heir is not entitled to possession during the widow's lifetime, and if the heir brings an action of ejectment within seven years from the time of the widow's death the defense of the Statute of Limitations cannot be invoked.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

CHARLES C. LEFORGEE, THOMAS W. SAMUELS, and GEORGE W. BLACK, for appellant.

JONES & VANCLEVE, and McCASKILL & McCASKILL, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Macon county in an action of ejectment. Dell D. Nichols, appellee here, was plaintiff in the court below. The property which she claimed to own in fee simple is described in her declaration as the west 35 feet off the east 65½ feet of lot 8 in block 3 of the original town (now city) of Decatur, otherwise described as 35 feet off the east side of lot 7 of the re-survey of lot 8 of block 3 in the original town (now city) of Decatur. The case has been tried three times in the circuit court, once resulting in a judgment for defendant and twice in judgments for plaintiff. From the

last judgment in favor of plaintiff defendant has prosecuted this appeal.

Plaintiff stated on oath upon the trial, in the form of an affidavit, that she claimed title through a common source with defendant; that the common source was plaintiff's father, James D. Moudy, from whom plaintiff inherited the premises as his only heir. The proof shows Moudy died in Washington county, Illinois, in 1873. He left surviving him a widow, Minnie H. Moudy, and plaintiff, his only child and heir-at-law. Plaintiff, to prove her title, offered in evidence a bill in chancery filed to the August term, 1876, of the Washington county circuit court by the widow, Minnie H. Moudy, against plaintiff and others, for the assignment of dower to said Minnie H. Moudy, as widow of James D. Moudy, in the lands the bill alleged he died seized and possessed of. The bill described the property here in controversy as part of the real estate owned by Moudy at the time of his death. Among other defendants to the bill were defendant here, Charles M. Caldwell, and his brother, F. B. Caldwell, and they answered the bill. Plaintiff also offered in evidence a decree of the circuit court of Washington county rendered in said cause at said April term, 1876, which recited that the court found from the testimony that complainant in said suit was the widow of James D. Moudy, who died intestate October 1, 1873, seized in fee simple of the lands described in the decree, which descriptions included the premises here in controversy. Three commissioners were appointed by the decree to assign dower to complainant in all of said lands described and report to the court. The plaintiff also introduced in evidence the oath taken by two of said commissioners, also the report of said two commissioners assigning the premises here in controversy, though by a slightly incorrect description, to the widow as and for her dower. Plaintiff also offered in evidence the minutes of the judge who heard the case and entered the decree, showing that the commissioners' report

assigning dower was approved by the court at the October term, 1876. The plaintiff also introduced in evidence a quit-claim deed dated June 1, 1861, from Thomas O. Smith and wife to James D. Moudy, conveying to the grantee the premises here in dispute.

Defendant, in addition to objecting to the competency of certain of plaintiff's proof and the sufficiency of her title as shown by the proof, introduced in evidence a warranty deed from Minnie H. Moudy, widow of James D. Moudy, to Charles M. and Freeland B. Caldwell for the premises in controversy, dated February 25, 1882; also a deed from Freeland B. Caldwell and wife to Edward A. Jones, dated July 7, 1887, for the undivided one-half of said premises; and a warranty deed from Edward A. Jones and wife, dated May 3, 1890, to defendant for the undivided one-half of said premises. Defendant also introduced in evidence the report of the commissioners who assigned dower to the widow of James D. Moudy, appointed in the suit before referred to in the Washington county circuit court, the decree of said court confirming the report of the commissioners and following the description in said report, and also certain other documentary evidence, such as tax receipts, but which we think have no bearing upon the issues in this case.

The contention of defendant that plaintiff did not prove title to the land in James D. Moudy, the alleged common source, is untenable if the proceeding in Washington county, the record of which was introduced in evidence, was not a void proceeding. Defendant here was a party defendant to the bill in that case, was duly served by summons and filed an answer. The bill in that case alleged that James D. Moudy died seized and possessed in fee simple of the premises in controversy. The decree found that Moudy was seized and possessed of the premises at the time of his death, in October, 1873; that he died intestate; that defendant and F. B. Caldwell were tenants in possession of

the premises described in the declaration in this case, and that commissioners were appointed to assign dower to the widow in all the lands of the deceased, of which the premises in controversy are a part. Independently of the deed from Smith to Moudy, this was an adjudication in a proceeding to which defendant was a party that Moudy was the owner of the premises at the time of his death, and plaintiff was not required to prove when or how he acquired title. The title claimed by defendant was under a deed from Minnie H. Moudy. The premises were assigned to her as dower, as the widow of James D. Moudy. Both parties therefore claim title through a common source.

The court had jurisdiction of the subject matter and of the parties in the proceeding by the widow of James D. Moudy in the circuit court of Washington county to assign dower, and in our opinion there is no such irregularity appearing in the record of the proceeding in said case as to render it void and subject to collateral attack. The objections urged against the validity of the Washington county proceeding, and which it is claimed render the decree in that case void, are, that only two of the three commissioners appointed took the oath, viewed the premises and made report; that the oath is not in proper form, and that the report of the commissioners assigning dower does not correctly describe the premises in controversy. The objection to the form of the oath is that it reads, "I do solemnly ...... that I will fairly and impartially allot and set off to Minnie H. Moudy her dower," etc., and does not contain the word of affirmation. The jurat of the circuit clerk attached to the oath states that it was signed and sworn to by said two commissioners before him. The omission in the body of the oath of the word "swear" or "affirm" did not render it void. Neither does the fact that but two of the commissioners took the oath and made the report. While the statute requires the appointment of three commissioners who shall go upon the premises, allot dower to

the person entitled thereto and make report in writing, the report is not required to be signed by all three of them, but the statute provides that it shall be "signed by at least two of them." The report was signed by two commissioners, and the fact that it was only shown said two commissioners took the oath does not render the proceeding void and subject to collateral attack.

A further objection is that the report of the commissioners does not describe the property here in controversy. According to the original plat and survey of the town of Decatur the property in controversy was a part of lot 8 in block 3. Subsequently there was a re-survey of said block 3 and lot 8 was subdivided into four lots, numbered 5, 6, 7 and 8. The report of the commissioners described the property as 35 feet off the east side of lot 7, block 3, of the re-survey of lot 3 of the original town (now city) of Decatur. The objection to this description, as we understand it, is the mention of lot 3. As we have said, at the time of the re-survey of block 3 what was then lot 8 of that block was subdivided into lots 5, 6, 7 and 8. Treating the words "lot 3" as surplusage, the report of the commissioners contains a good description of the property. *Burns* v. *Miller,* 110 Ill. 242.

The decree correctly described the property the commissioners were directed to assign dower in. Defendant and F. B. Caldwell were lessees of the property in controversy at the time it was assigned as dower to the widow. The commissioners did actually assign the property in controversy as dower, and defendant and all other parties interested so understood it. None of the objections made to the Washington county dower proceeding render it void and subject to collateral attack. At most they were but irregularities, which could only be taken advantage of upon appeal or writ of error. No claim is made that there was any fraud in said dower proceeding. *Miller* v. *Rowan,* 251 Ill. 344.

Plaintiff was not entitled to the possession of the premises until the death of her mother, which occurred less than seven years before the commencement of this suit, and no statute of limitations can therefore be invoked.

It is also contended by the defendant that the plaintiff is estopped from asserting title to the premises by her conduct. This contention is based upon the claim that plaintiff was of age at the time her mother executed the deed to the Caldwells; that she knew of the conveyance and attested the deed as a witness; that plaintiff herself conveyed property adjoining the premises in controversy to defendant in 1888, in the conveyance of which she referred, by way of exception from the conveyance, to the property deeded by her mother to the Caldwells in 1882. It seems too obvious to require discussion that these things afford no bar or estoppel to the assertion by the plaintiff of her title even in a court of equity, and such a defense cannot be availed of in an action of ejectment, where only legal titles are considered. *Hayden* v. *McCloskey*, 161 Ill. 351; *City of Amboy* v. *Illinois Central Railroad Co.* 236 id. 236.

The judgment was warranted by the proof and is affirmed.

*Judgment affirmed.*