THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

ROSALIE J. ANDERSON.

*Opinion filed October 24, 1898—Rehearing denied December 7, 1898.*

1. TRIAL—*counsel entitled to great latitude in an argument.* Counsel should be allowed the most liberal freedom of speech consistent with fairness and justice and the orderly administration of the trial, and the Supreme Court will not interfere unless the rights of the parties are clearly prejudiced.

2. EVIDENCE—*preponderance of evidence not dependent upon number of witnesses.* The preponderance of the evidence is not necessarily dependent upon the number of witnesses, as a variety of facts and circumstances may arise which properly enter into a determination of that question.

3. SAME—*jury cannot entirely disregard testimony of witness from mere fact of interest.* The jury cannot refuse to consider the testimony of a witness from the mere fact of his being a party to or otherwise interested in the suit, but such testimony must be received by the jury and given such value as they deem proper, considering the fact of interest with all the other circumstances.

4. SAME—*jury may consider fact that witness has talked with attorney or been promised pay for time.* The fact that a witness has talked with an attorney in the case, prior to trial, concerning his testimony, or been promised pay for time lost in attending trial, does not tend to impeach or discredit his testimony, but the jury are entitled to consider such facts as bearing on the weight to be given it.

5. DAMAGES—*whether the damages are excessive is a question of fact.* Whether the damages awarded in an action on the case are excessive is a question of fact, upon which the Supreme Court is concluded by the judgment of the Appellate Court.

*North Chicago St. R. R. Co.* v. *Anderson,* 70 Ill. App. 336, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOHN A. ROSE, and EGBERT JAMIESON, (FRANCIS A. RIDDLE, of counsel,) for appellant.

RICHARD PRENDERGAST, and CARLETON N. GARY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment rendered in the superior court of Cook county on the verdict of a jury in favor of the appellee, against the appellant company, in the sum of $10,000. The action was in case, and the ground of recovery was alleged negligence on the part of the appellant company in conducting the movements of one of its trains of street cars on North Clark street, in the city of Chicago, whereby appellee sustained personal injuries.

At the close of all the evidence in the case the court denied the motion of the appellant company to exclude the testimony and to instruct the jury to return a verdict finding it not guilty. We have read the briefs of counsel for the respective parties, and heard and considered their arguments orally presented to the court, and have consulted the proofs as preserved in the record, and are clearly of the opinion the trial judge properly declined to direct a finding and verdict in favor of the appellant company as a matter of law. The evidence tended to establish negligence, as charged, upon the part of the company, and that the appellee exercised ordinary care for her own safety on the occasion in question. An issue of fact thereupon arose, which it was the province of the jury to determine. The jury, the trial judge and the Appellate Court having determined that the appellee's case was supported by a preponderance of the evidence, and this court, upon a re-examination of the evidence, having determined that the evidence demanded the submission of the case to a jury, it would seem sufficient we should simply announce such to be our conclusion, without reciting the testimony upon which that conclusion is based.

The alleged improper conduct of counsel for appellee during the hearing in the trial court, and also the language and deportment of counsel during the course of

his argument to the jury, are much criticised by counsel for appellant. We have considered these complaints so far as the alleged grounds thereof are disclosed by the record. We find that counsel for both parties were betrayed into the use of intemperate remarks. Counsel who represent the appellant in this court urge the objectionable observations of their associate counsel in the trial court were indulged in because of the previous irritating conduct of counsel for the appellee, which overcame the patience of said associate counsel and provoked a heated retort. The rights of parties demand, and the law awards, the largest and most liberal freedom of speech in the trial of causes consistent with justice and fairness and the orderly and decorous administration of the judicial functions of the court. The range of discussion is often necessarily wide, and it is difficult for the court at all times to restrain the zeal of counsel and confine the argument within strictly legitimate bounds. This delicate duty the trial judge who presided upon the hearing of this cause did not in the least seek to avoid, but vigorously and firmly exerted the powers vested in him by law to secure a fair and impartial trial of the cause and to preserve proper order and decorum in his court. We are here concerned only with regard to the question whether injustice resulted to either of the litigants. The opportunity of the trial court for determining whether the irregularities of counsel for appellee had intervened to prevent the due and proper administration of justice in the cause was much superior to ours, and upon the motion for new trial he decided neither party had been thereby prejudiced. Acting upon the lights before us, we are inclined to accept that as the correct view.

The first instruction given on behalf of the appellee is not subject to the criticism preferred against it. The principle it announces is, the preponderance of the evidence is not necessarily to be determined by the greater

number of witnesses testifying as to any specified subject of inquiry. The determination as to where the weight or preponderance of the evidence lies is not restricted to a mere enumeration of witnesses. A variety of considerations may be disclosed by the evidence which naturally and properly enter into and which may lawfully control the decision of the question.

The criticism of the third instruction given for the appellee is, that it charges the jury they must give to the testimony of the appellee as a witness some weight, notwithstanding she is interested in the result of the suit. We do not so understand the instruction. The direction of the instruction is, in substance, that the jury have no right to refuse to take the testimony of an interested witness into consideration, but that they may consider that such witness is interested, and determine whether or to what extent the testimony of the witness has been affected by his or her interest in the result of the suit. The discussion of this subject by counsel for the appellant leads them to announce the conclusion that the jury have the absolute right to "discard" the testimony of an interested witness. Our statute has removed the disability of interest, and the declared policy of our law is, that a party to a suit or a party interested in the result thereof shall be allowed to testify on the hearing of the cause. It follows, a jury may not refuse to consider and weigh the testimony of a party or an interested witness, for that would be to nullify the statute and deprive such parties or witnesses of a right accorded to them by the law of the land. They are competent witnesses, and their testimony is not to be "discarded" from consideration, but is to be received as other competent testimony. Its weight and value are questions for the jury, and may be found to be entitled to much, little or no weight, and be treated accordingly.

The appellant company asked this instruction:

"The mere fact that the witness has talked to an attorney of a party to this suit, and has told such attorney

what the said witness would testify on this trial, does not, of itself, in anywise tend to impeach or discredit the testimony of such witness."

The court refused to give the instruction as asked, but modified it by adding the following: "But such fact may be considered by the jury, together with all the other facts in evidence, in determining the weight of such testimony."

For all the purposes of a jury trial the jury are the sole judges of the credibility of witnesses and of the weight and value of their testimony. The credibility of a witness and the weight and value of his testimony often involve consideration of a variety of facts and circumstances, such as the appearance of the witness, his demeanor while testifying, his frankness or candor, his feeling of hostility to either of the parties or of undue friendliness to one or the other. His relations to either of the parties, his interest in the result of the suit, not only in a financial point of view, but his interest, if any there be, based upon bias or friendliness to either of the parties, or an undue willingness or desire to assist either of the parties, may be brought into the balance by the jury in their efforts to ascertain and declare the truth. It is perfectly proper for counsel to interview the witnesses in the case, and while the law has no rule to that effect, certainly, as a matter of fact, the mere circumstance that the witness had talked to the attorney of one of the parties, and had done no more than tell such attorney what his testimony would be, would not tend to impeach or discredit the testimony of such witness in the judgment of a reasonable juror; yet, as a matter of fact, the relations of a witness to one of the parties or to the counsel for one of the parties might be of such a character as to weaken, in the mind of a reasonable juror, the force of his statements as a witness. It has always been deemed proper to prove that a witness has talked to one of the parties about the case or about what his testi-

mony in the case would be, and we conceive it would be entirely proper to show that a witness has talked with an attorney representing one of the parties in a case. Whether what occurred during such interviews or in such conversations would tend to affect the weight of the testimony given by the witness is not a matter of law to be declared by the court in an instruction to the jury, but is purely a question of fact for the consideration of the jury, together with all other proof in the case. The modification of the instruction did not prejudice the cause of the appellant.

The same observation holds good as to instruction No. 23 asked by appellant, which was to the effect, "the fact that a witness has been promised pay for time lost while attending the trial of this case does not in anywise tend to impeach his credibility as a witness," and which the court modified by an addition advising the jury they might consider the fact that the witness had been promised pay, together with all the other facts in evidence, in determining the weight of the testimony of the witness.

Seventeen instructions were given on behalf of the appellant company. We have examined them, and find that they fairly and fully advised the jury as to the points of law involved in the case.

Whether the damages are excessive is a question of fact, upon which we are concluded by the judgment of the Appellate Court.

The judgment appealed from is affirmed.

*Judgment affirmed.*