THE WEST CHICAGO STREET RAILROAD COMPANY

v.

FANNIE LIESEROWITZ.

*Opinion filed June 19, 1902—Rehearing denied October 9, 1902.*

1. INSTRUCTIONS—*instruction which refers to allegations of declaration is not objectionable.* An instruction telling the jury that they should find the issues for plaintiff if they believe, from the evidence, he has proved his case as laid in the declaration, is not objectionable.

2. SAME—*when an instruction as to preponderance is not misleading.* An instruction telling the jury that "when the court speaks of the preponderance of the evidence in these instructions, such preponderance may not be entirely determined from the number of witnesses testifying to a particular fact," is not misleading.

3. SAME—*when instruction as to degree of proof is not erroneous.* An instruction is not erroneous which tells the jury that where witnesses testify directly opposite to each other on a material point the jury are not bound to consider the point not proved, but have a right to regard all the surrounding circumstances proved on the trial and give credence to one witness over the other, if they think such facts and circumstances warrant it.

4. SAME—*when not error to refuse correct instructions.* It is not error to refuse correct instructions where their substance is embodied in others given.

5. EVIDENCE—*what evidence is properly excluded.* In an action against a street car company, if the conductor is asked, on direct examination, over plaintiff's objection, whether he made any report of the accident, to which he answers "No, sir," it is not error to strike out such answer.

*West Chicago Street R. R. Co.* v. *Lieserowitz,* 99 Ill. App. 591, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an action on the case, originally brought on February 6, 1893, by appellee, then a minor, by her next friend, Louis Lieserowitz, against the appellant company to recover damages for an injury received by appellee, and alleged to have been caused by the appellant's

negligence. The injury occurred on January 24, 1893, while the appellee was a minor between twelve and thirteen years of age.

The declaration consists of one count, and alleges that appellant was operating lines of street railroad on State street, Randolph street, and other streets, with cars drawn by horses in charge of its servants, and used in the carriage of passengers for hire; that on January 24, 1893, appellee was, with all due care and diligence on her part, a passenger upon one of said cars, to-wit, a South Halsted street car, to be safely carried to her place of destination for a certain reward in that behalf paid to appellant; that, while she was attempting to alight from said car at the intersection of State and Randolph streets, having first requested the servants of appellant to stop the car at said intersection to allow her to alight, the appellant, by its servants, negligently, carelessly and improperly failed and neglected to stop said car a sufficient length of time to allow her to alight, and caused the car to be suddenly and violently started, by reason whereof plaintiff was thrown with great force and violence from said car to the ground, and greatly bruised and injured, and became sick, sore, lame, disordered and permanently injured, etc., and so remained, and was hindered and prevented thereby from transacting her business and affairs.

The appellant below pleaded the general issue, and by agreement the cause was submitted to the court for trial without a jury. At that trial the court found the appellant guilty, and assessed the damages at the sum of $50.00, and judgment was entered on the finding, and satisfied in full in open court. Subsequently, one Simon Lieserowitz, as next friend of the appellee, filed a bill in chancery in the circuit court against appellant and said Louis Lieserowitz, charging that said judgment for $50.00 was obtained by fraud and collusion between Louis Lieserowitz and the appellant. The bill was answered, de-

nying fraud and collusion.  Replication was filed to the answer.  The bill was taken for confessed against Louis Lieserowitz, and the cause was heard on pleadings and proofs.  Thereupon, the circuit court rendered a decree, finding that the allegations of the bill were true, and that the equities were with complainant, and set aside the judgment, and provided that, after twenty days from the entry of the decree, a writ of injunction should issue enjoining the appellant from setting up the judgment as a defense to the action, in which the judgment was rendered, and enjoining Louis Lieserowitz from further acting as plaintiff's next friend.  Subsequently, on motion of appellee's attorneys, it was ordered that the cause be re-docketed in the superior court, and that Simon Lieserowitz be substituted for Louis Lieserowitz as plaintiff's next friend, and that the papers and proceedings be amended by increasing the *ad damnum* from $1000.00 to $20,000.00.  On a re-trial of the cause on the same issues, the jury found the defendant not guilty, and judgment was entered on the verdict.  An appeal was taken from this judgment to the Appellate Court, and the Appellate Court reversed the judgment, and remanded the cause, as will be seen by reference to the case of *Lieserowitz v. West Chicago Street Railroad Co.* 80 Ill. App. 248.

The cause was then re-docketed in the superior court, and tried a third time before the court and a jury.  The last trial resulted in verdict and judgment, rendered and entered on December 11, 1900, finding appellant guilty, and assessing the damages in favor of the appellee.  An appeal was taken from this judgment to the Appellate Court, and the judgment has been affirmed by the Appellate Court.  The present appeal is prosecuted from such judgment of affirmance.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. Chief Justice Magruder delivered the opinion of the court:

It is assigned as error by the appellant, that the trial court erred in giving instructions, numbered 1, 2, 3 and 4, given by it for the appellee upon the trial below. A general objection is made to these instructions, as a series, upon the alleged ground that they are argumentative in form and character. Upon this subject we agree with the Appellate Court, which says in its opinion: "We do not regard these instructions so far argumentative, as to make them erroneous, especially in view of the very full and favorable instructions given on behalf of appellant, eighteen in number, some of which are not free from criticism in a like respect." "Instructions are to be considered as a single series, and when so considered, if, as a whole, they state the law correctly, that is sufficient, even though one or more of them standing alone might be erroneous. The instructions constitute one charge, and they are not the instructions of either party, but of the court." (*Central Railway Co.* v. *Bannister*, 195 Ill. 48).

*First*—The first instruction given for the appellee, in addition to the general objection already stated, is further objected to upon the alleged ground that it is a recapitulation, hypothetically stated, of the material facts in the case, and that there was inserted in it matter, which had no tendency whatever to prove appellee's claim. In our opinion the instruction is not justly subject to this criticism. The instruction first states the claim made by the appellee, as stated in her declaration. This feature of the instruction is certainly unobjectionable under the decisions of this court. An instruction, telling the jury that, if they believe from the evidence the plaintiff has proved his or her case, as laid in his or her declaration, they will find the issues for the plaintiff, has been held to be unobjectionable. (*Mt. Olive Coal Co.* v. *Rademacher*, 190 Ill. 538, and cases cited). In view of the holding, that an instruction may refer to the case

alleged in the declaration, and as a corollary therefrom, this court has recently said: "Had the instructions copied the allegations, no objection could have been urged to them." (*Central Railway Co.* v. *Bannister, supra*).   After thus stating the claim made by the appellee in her declaration, the instruction then states that it was the duty of the company to carry plaintiff as a passenger to her place of destination, and to permit her to alight from the car, giving her reasonable time to do so, when requested. The allegation, that it was the company's duty to carry the appellee as a passenger to her place of destination, is not the insertion of a matter that has no tendency to prove appellee's claim.   On the contrary, it is a restatement of one of the allegations of the declaration, and also a statement of the relation between appellee and appellant as that of passenger and carrier, out of which the duty of appellant to the appellee necessarily arose. The instruction then proceeds very properly to say that, if the jury believed from the evidence that appellee was, with due care and diligence as a passenger, trying to leave the car at the intersection of State street with Randolph street after notice to the conductor, and that the company, by its servants, negligently failed to stop the car a sufficient length of time to allow appellee to alight therefrom, but caused the car to be suddenly started, and that, by reason thereof, appellee, without fault on her part, was thrown off said car and thereby injured, then the jury should find the defendant guilty, etc.

*Second*—The second instruction, given by the trial court for the appellee, is interpreted as telling the jury to disregard the question of numbers in determining the preponderance of the evidence, and, for the reason thus alleged, is claimed to be erroneous.   In the first sentence of the instruction the jury are told "that, when the court speaks of the preponderance of the evidence in these instructions, such preponderance may not be entirely determined by the number of witnesses, testifying to a

particular fact or facts." The rest of the instruction authorized the jury, in determining upon which side the preponderance of the evidence is, to take into consideration various circumstances, such as the opportunities of the several witnesses for seeing and knowing the things about which they testified; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements in view of all the other evidence, facts and circumstances proved on the trial, if any, etc. The correctness of the instruction thus criticised is sustained by this court in the cases of *Chicago and Alton Railroad Co.* v. *Fisher,* 141 Ill. 614, and *Meyer* v. *Mead,* 83 id. 19. In *Chicago and Alton Railroad Co.* v. *Fisher, supra,* instruction numbered 8 was as follows: "That the preponderance of evidence may not depend entirely upon the number of witnesses testifying on either side of the case;" and it was there said (p. 626): "It is urged that this is practically telling the jury that the greater number of witnesses is no better than the less number. We do not so understand it. It impliedly concedes that, where all other things are equal, the greater number must control. The words 'may' and 'entirely' are both qualifying words." (*North Chicago Street Railroad Co.* v. *Anderson,* 176 Ill. 635).

But, if the second instruction was defective in the respect thus indicated, it was cured by instruction numbered 18, which was given for the appellant. The latter instruction is as follows:

"The jury are further instructed that, while the preponderance of evidence does not consist wholly in the greater number of witnesses testifying the one way or the other, yet the number of credible and disinterested witnesses testifying on the one side or the other of a disputed point is a proper element for the jury to consider in determining where lies the preponderance of the evidence."

*Third*—The third instruction, given for the appellee, is criticised because of its use of the following words, to-wit: "Although the jury may believe from the evidence that the testimony of the plaintiff on the former trial of this cause was in some respects different from the testimony now given by her on this trial, this, standing by itself, would not warrant the jury to disbelieve the plaintiff's testimony, if the jury believe from the evidence," etc. It is said that there was nothing in the evidence upon the trial of the case as to what appellee or anybody else testified to on the former hearing, and, therefore, there was no occasion for, or justification of, this instruction. Upon looking into the record we find that counsel for appellant in their cross-examination of appellee, when she was a witness upon the stand, asked her some questions as to what she said upon the former trial of the case, the form of the questions thus asked her indicating an attempt to show some contradiction between her testimony upon a former trial and her testimony upon the trial then going on. In view of the asking of such questions for the purpose thus stated, it can not be said that this language of the instruction was not based upon anything which had occurred during the trial. But, independently of this consideration, we agree with the Appellate Court in the following statement made by them in their opinion in regard to this instruction, to-wit: "The criticism above noted as to the third instruction, while sustained by the record, in our opinion is no cause for a reversal. It was rather calculated to prejudice the plaintiff than the defendant, as it by implication states that her testimony on a former trial was different from what it was on this trial." As to the charge made against the instruction, that it had a tendency to bring appellee more prominently before the jury as a witness and impress upon them the importance of her testimony, it may be said that this was in a prominent degree the characteristic of several instructions asked by the appellant,

and given for it.  Appellant's given instruction numbered 19 told the jury that, while the law permits the plaintiff in the case to testify in her own behalf, nevertheless the jury have the right, in weighing her evidence, to determine how much credence is to be given to it, and to take into consideration that she is the plaintiff, and interested in the result of the suit.  In appellant's given instruction numbered 20 the jury were told that, if they believed from the evidence "that any witness in this case has willfully and knowingly sworn falsely to any material fact in the case, then you have the right to disregard the entire testimony of such witness."  This could only have had reference to the appellee, as she was the only witness who testified in regard to the material facts of the injury.

*Fourth*—The fourth instruction given for the appellee is also alleged to be erroneous.  That instruction told the jury that, where witnesses testify directly opposite to each other on a material point, the jury are not bound to consider the point not proved; that they have a right to regard all surrounding circumstances proved on the trial, and give credence to one witness over the other, if they think such facts and circumstances warrant it; that in this case, although the appellee upon the question whether she fell from the car on the street, may testify one way, and the conductor and policeman may swear the other way, the jury are not bound to consider the point not proven, but may give credence to the appellee upon this point, if they believe that the facts and circumstances bearing on the point in evidence warrant their doing so.  The testimony of the appellee upon the trial of the cause tended to show, that the fall, which injured her, resulted from the sudden starting of the car, as alleged in the declaration.  The appellant sought to show by the conductor and the policeman, that she fell, after she alighted from the car, by slipping upon some snow or ice, which was upon the ground.

In support of its criticism of this fourth instruction, appellant alludes to certain decisions of this court, rendered when this court had the right to set aside verdicts upon the ground that they were against the weight of the evidence, even though there was evidence tending to support the cause of action. In these decisions this court has reversed judgments, as opposed to the preponderance of the evidence, when they rested on the unsupported testimony of the plaintiff, contradicted by that of the defendant and one or more corroborative witnesses. But these decisions have no application at the present time. A leading case among this class of decisions is the case of *Peaslee* v. *Glass*, 61 Ill. 94; and it was there said, that the court would set aside a verdict for the plaintiff, resting only upon the evidence of the plaintiff, when that was contradicted not only by the defendant, but also by another witness, "and there are no elements of probability to turn the scale." Even where the plaintiff was contradicted by the defendant and another witness, the judgment would not be reversed, if there were elements of probability to turn the scale. Here, the fourth instruction told the jury that they might give credence to the appellee upon this point, if they should believe that the facts and circumstances, bearing on the point in evidence, warranted their doing so. The opinion of the Appellate Court in this case reviews the testimony of the conductor and the policeman who contradicted the appellee, and points out many contradictions between the statements made by these two witnesses. If it were proper for us to weigh or discuss the evidence in order to ascertain where the preponderance is, we should be content with the statement of the Appellate Court in their opinion to the effect that "the clear preponderance of the evidence is, that she was hurt as the result of the fall." But it is sufficient for this court to know that there is evidence in the record tending to sustain the cause of action, and we are not concerned with the question,

whether the verdict is sustained by the weight of the evidence or not.

*Fifth*—It is further claimed by the appellant, that the court below erred in refusing to give instruction No. 27 asked by the appellant. That instruction is as follows:

"The burden of proof is not on the defendant to show how the plaintiff came to fall. If the preponderance of the evidence does not show that she fell by reason of the car being suddenly started, your verdict should be not guilty."

In regard to this instruction the Appellate Court say: "Appellant's instruction No. 27, (refused) was, in our opinion, fully covered by instructions 7 and 8, given for appellant; and even if it is not, we think that they, considered in connection with instructions 9, 11 and 12, which were given for appellant, fully instruct the jury upon the point of the refused instruction." We agree with this statement of the Appellate Court. By instruction 12 given for the appellant, "the court instructs the jury that, if they believe from the evidence that the plaintiff had alighted in safety upon the ground, and fell down by reason of some other cause than the operation of the defendant's car, and without any negligence on the part of the defendant, then the court instructs the jury to find the defendant not guilty." The other instructions referred to told the jury, that the appellee could not recover, unless she showed by a preponderance of the evidence, that the appellant was guilty of negligence in the manner charged in the declaration, and that such negligence was the proximate, direct cause of the appellee's injuries, and that the appellee could not recover, if, at the time of the injury, she failed to exercise ordinary care for her own safety, and such failure, if any, helped in any way to bring about the accident resulting in the injury complained of.

*Sixth*—The refusal of the court to give instruction numbered 28, asked by the appellant, is also charged

to be error. The first sentence of this instruction is as follows: "The court instructs the jury that you are not required to believe any statement to be a fact, simply because any witness or witnesses has or have sworn it to be a fact, if you believe from the evidence that any witness or witnesses has or have willfully and knowingly sworn falsely to such alleged fact, even if such witness or witnesses be not directly contradicted with respect to such matter by some other testimony." The rest of the instruction merely authorizes the jury to call to their aid their common observation and experience as men in the affairs of life in considering the testimony in the case. There was no error in refusing this instruction. It practically told the jury that they might disregard the evidence of a witness—and that witness, under the circumstances, could only have been understood by them to be the appellee—even if the evidence of such witness is not directly contradicted by other testimony, provided they believe that the witness has knowingly sworn falsely. However, the subject, presented to the jury by refused instruction numbered 28, was fully covered by instruction numbered 20 given to the jury for the appellant, which instruction is as follows:

"If the jury believe from the evidence that any witness in this case has willfully and knowingly sworn falsely to any material fact in the case, then you have the right to disregard the entire testimony of such witness, except in those matters, if any there be, where his or her testimony is corroborated by other evidence which you believe to be credible, or by facts and circumstances appearing in evidence."

A correct instruction may be refused, where its substance is embodied in other instructions given. (*Whitney & Starrette Co.* v. *O'Rourke*, 172 Ill. 177).

*Seventh*—The trial court is further charged with having made an erroneous ruling upon evidence. When the conductor was testifying on behalf of the appellant, he

was asked on direct examination this question: "Did you make any report of this child's falling there at that time to the company?" This question was objected to by the appellee as not competent, but the answer was given, "No, sir;" whereupon appellee moved to strike out the answer, and the motion was sustained, to which ruling of the court appellant duly excepted. There was no proof introduced, nor any attempt made, to prove that, under the rules of the company, the conductor was bound to make a report of an accident. But the ruling of the trial court was proper, because the question and answer violated the principle, that a party cannot be permitted to make evidence for himself by failing to do an act. In other words, a party cannot manufacture evidence for himself. Sometimes the acts of parties, done under and in pursuance of a contract, may be proven, in order to show their own interpretation of the contract, which they have made between themselves, but this principle has no application here. If it were established law, that the failure of a car conductor to make a report to the company, tends to corroborate the claim that no accident has occurred, a powerful inducement would be held out to these companies to obtain verdicts by simply instructing their conductors not to make any reports. In addition to this, a strong inducement would thus be held out to negligent conductors and drivers to cover up their omission of duty by the simple act of failing to report an accident. Upon the whole we agree with what the Appellate Court say in their opinion upon this subject, to-wit: "Complaint is made that the court struck out the evidence of the conductor, that he did not make any report to the company at the time of the plaintiff's having fallen. If there was any error in this regard, and we are inclined to think there was not, we do not regard it as sufficient to justify a reversal."

We have carefully examined all the objections made by counsel for appellant, and have given them due con-

sideration.   None of them, in our opinion, would justify us in reversing this judgment.   The jury were correctly instructed in numerous instructions, given for both sides, in regard to the law of the case, and it was impossible they could have been in any way misled by any action of the trial court, which has been called to our attention.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*