### Chicago & Alton Ry. Co., et al. v. Jacob A. Pettit.

1. CUSTOM—*when competent.* A local custom to the effect that a railroad company required shippers to repair leaks in its cars before they would be accepted for shipment, is competent for the purpose of showing that one injured while engaged in such work is not a mere trespasser or licensee.

2. PEREMPTORY INSTRUCTION—*when should not be given.* A peremptory instruction should not be given where one has gone under a car standing upon a railroad track for the purpose of repairing it, after having been informed by the proper official that switching was over, and is injured while there.

3. PLAT—*when competent.* The admission of a plat purporting to show the place of the accident which contains memoranda as to distances, etc., would not be prejudicial error where the location and immediate surroundings of the place of the accident were not in controversy at the trial.

4. EVIDENCE—*withdrawal of.* A party cannot object to the withdrawal of evidence admitted over his objection, and then urge such admission as error.

5. INSTRUCTION—*upon right of recovery.* An instruction is proper which predicates the plaintiff's right to recover upon proof of his case as made in a particular count of his declaration.

6. INSTRUCTIONS—*repetition in.* An instruction is properly refused where it is a substantial repetition of another given.

7. PROVINCE OF JURY—*when instruction invades.* An instruction which seeks to determine what is negligence invades the province of the jury and is improper.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presid-

ing. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

A. E. DeMange, for appellants.

A. J. Barr and Welty & Sterling, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Appellee brought his action on the case against appellants as owner and lessee, respectively, to recover damages for an injury received by him, which resulted in the amputation of his left leg below the knee. Appellee averred in the first count of his declaration that he was an elevator employee, at Lexington in January 1902; that he had loaded one of appellant's grain cars with corn, which stood, laden, upon a switch track adjacent to the elevator; that appellant caused a freight train to be switched to the same track, whereby the car loaded with corn was struck, causing a leak in the bottom of said car; that appellee thereupon requested the conductor in charge of the freight train not to move said car further than was necessary, at the same time asking the conductor whether or not he was done switching on said track and stating to the conductor that he (appellee) wanted to fix said car, which was leaking corn, and that the conductor replied that he was; that said freight train was then moved to another track to permit a passenger train to pass north; that appellee, relying upon the information received from the conductor that the freight train was through switching, went under the leaky car to repair it; and while there, in the exercise of due care for his safety, the freight train was, without warning and without his knowledge, driven upon the switch track, and certain cars thereon were thrown violently against the grain car under which appellee was at work, and one of the wheels of said car ran over his left foot, crushing it so that thereafter it became necessary to amputate his left leg below the knee. The second count was the same as the first, with the additional averment that the leak in the corn car was caused by the freight train and plaintiff requested the conductor not to move that car any further than was neces-

sary. To this declaration appellants pleaded the general issue, and, on the trial of the cause before a jury, there was a verdict against appellants for $7,500, upon which the court after motion for new trial overruled, entered judgment. At the close of appellee's evidence and again at the close of all the evidence, appellants moved the court to instruct the jury to find a verdict of "not guilty," which motions were denied and the instructions refused.

Appellee's duties were to buy grain and to attend to the loading and shipping out of the same. On the day before his injury, appellee had loaded two cars, one of corn and one of oats, which cars were standing on the side track on the morning of his injury. On that morning, a freight train going north stopped at Lexington, and as it was pulling on the side track, appellee testifies that he stood between the main track and side track, near the grain cars: that he saw the conductor of the freight train and asked him if he had any empty cars for them, the conductor replying that he had not, but that he had a car of grain doors for them; that about that time the car of grain doors struck the two cars loaded with grain and he noticed the car of corn was leaking. Continuing, appellee testifies : " I said (to the conductor) ' don't move the car any further than you have to, I want to fix it;' 'All right,' he said, ' I will push it far enough north so I can place the grain doors, that is all I have to move it;' that was done; then I said to him, 'Are you through switching? I am going to fix that car;' he replied ' Yes; I'm done,' and went on with his train."

As to this conversation with the conductor, the appellee is corroborated by the witness Turnipseed and contradicted by the conductor and also by the brakeman, so far as the latter heard the conversation. Appellee further testified that after the conductor left with his train, he (appellee) attended to various duties about his employment; that having inspected the leak in the car to ascertain what was necessary to repair it, he went under it, having to lie on his side on top of the axle and brake beam in order to reach the leak; that he then sawed a board the proper length and was

about to nail it in place, when the freight train struck and moved the car, the wheels passing over his foot, which was then on the rail; that this occurred about thirty minutes after his conversation with the conductor.

It is urged that the trial court erred in admitting evidence, over appellant's objection, of a custom or rule requiring shippers of grain at Lexington to repair leaks in cars before the railway company would accept the same for shipment. The declaration did not aver any such custom or rule, but this fact did not necessarily render the evidence incompetent. We think the evidence was competent for the purpose of showing that appellee was not a mere trespasser or licensee in going under the car to repair it.

Appellants contend that the peremptory instruction asked at the close of appellee's evidence should have been given because the court was bound to say as a matter of law, that appellee was guilty of such contributory negligence as precluded a recovery. The conductor of the freight train was in control of its movements and was the one man of whom appellee might have properly enquired for authoritative information as to whether the train was through switching. While it does not appear that the conductor knew what was necessary to be done to repair the leak in the car, it may reasonably be inferred from the evidence that he knew the leak was in the bottom of the car and that the repair could not be properly or safely made by appellee when the car was in motion, or while the train was switching on that track. The conductor having told appellee that he was through switching, appellee had a right to assume that the car would be free from further interference by the freight train.

When, subsequent to this conversation with appellee, the conductor received orders to do further switching, reasonable care on his part, to avoid injury to appellee, required that he should ascertain whether appellee was in a place of danger, before he moved the car. The fact that appellee had his foot on the rail, while he was repairing the leak, does not necessarily convict him of contributory negligence.

If appellee had a right to rely on the conductor's assurance that he was through switching, as we hold he had, the rail was a place of no greater danger than elsewhere under the car. Whether appellants were guilty of the negligence alleged in the declaration and whether appellee was in the exercise of due care for his own safety, were in this case questions of fact for the jury to solve, and the court properly refused to give the peremptory instructions asked by appellants.

It is contended that there was error in admitting in evidence the plat "Exhibit A," offered by appellee, because of written matter, consisting of designations of objects and statements as to distances, etc., appearing on its face. The location and immediate surroundings of the place where appellee was injured were not controverted on the trial and if the plat had gone to the jury no prejudicial error would have resulted, but the record shows that at the close of the evidence appellee asked leave to withdraw the plat because of such written matter and that over appellants' objection, such leave was granted. A party can not complain of evidence improperly admitted when he opposes its exclusion and objects to its withdrawal from the consideration of the jury. Blumenthal v. N. Y. C. & St. L. R. R. Co., 160 Ill. 40. There was no other ruling of the court in admitting or excluding evidence, assigned as error, that we deem of sufficient importance to warrant discussion.

Appellee's fifth given instruction predicated a right of recovery upon proof of his case, as alleged in the first count of the declaration. Appellants pleaded the general issue to the declaration and it is not contended that the declaration does not allege a cause of action. There was no error in giving the instruction. West Chicago R. R. Co. v. Lieserowitz, 197 Ill. 607.

The court modified one of appellants' instructions by striking out a portion requiring proof by appellee that he was a servant of appellants working within the line of his duties before he was entitled to recover. The instruction, as asked, was not applicable to the case and might well have been

refused in its entirety.   As modified, it was substantially a repetition of appellants' fifth given instruction and they have no reason to complain.   Appellants' refused instructions were properly refused, as they infringed upon the province of the jury by assuming to determine what was negligence and were in other respects improper.

The judgment will be affirmed.

*Affirmed.*