## LOUIS J. HANCHETT

*v.*

### ERNEST HAAS.

*Opinion filed February 21, 1906.*

1. APPEALS AND ERRORS—*reasons given for overruling a motion for new trial have no legal effect.* The fact that the trial court, on motion for new trial, offered to enter a *remittitur* if the defendant would pay a certain portion of the judgment and waive his right to appeal cannot be urged as error in the Supreme Court, where the record shows the motion for a new trial was unconditionally overruled, and the Appellate Court, by its judgment of affirmance, has determined that the verdict was not excessive.

2. TRIAL—*it is not error to permit jury to take declaration to jury room.* It is not error to permit the jury to take the declaration with them upon their retirement to the jury room to consider their verdict.

3. INSTRUCTIONS—*when an instruction as to burden of proof is proper.* An instruction is proper which states that, while the burden of proof is on the plaintiff, "still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although slightly, it would be sufficient for the jury to find the issues in his favor."

4. SAME—*when instruction upon question of plaintiff's interest as affecting his testimony is proper.* An instruction in a personal injury case may properly state that the plaintiff is a competent witness in his own behalf and the jury have no right to refuse to consider his evidence, but that they are judges of his credibility, the same as of other witnesses, and may consider that he is interested, and determine whether his testimony has been affected by that fact.

5. SAME—*when instruction as to discrediting testimony is not erroneous.* An instruction holding that "it is only in cases where a witness has willfully and corruptly testified falsely to a material matter, and is not corroborated by other credible evidence, that the jury is warranted in disregarding his or her testimony," is not erroneous in using the expression "willfully and corruptly" instead of "willfully *or* corruptly."

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

ALDEN, LATHAM & YOUNG, for appellant.

THEODORE G. CASE, and JOHN T. MURRAY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case commenced in the superior court of Cook county by the appellee, against the appellant, to recover for personal injuries.

At about six o'clock on the evening of April 3, 1900, Ernest Haas, a boy fourteen years old, alighted from a street car at the corner of Indiana avenue and Forty-Third street, in the city of Chicago, and started north-westerly towards the sidewalk. Appellant was driving a horse attached to a buggy eastward on the north side of Forty-Third street. The breast of the horse struck the boy on the head, knocking him down and inflicting the injuries complained of. Upon a trial before the court and a jury judgment was rendered in favor of appellee, which has been affirmed by the Appellate Court, and this further appeal is prosecuted.

At the time the motion for a new trial was argued in the superior court a colloquy took place between the judge and the respective attorneys concerning the amount of the verdict and the merits of the case. The court expressed the opinion that the amount was excessive but that he did not desire to grant a new trial. The motion was finally overruled, and the court remarked that if, at any time during the

term, counsel for appellant would come into court and agree to pay $1500 and not appeal the case the judgment would be set aside, a *remittitur* of $500 entered and a new judgment rendered for $1500, which was to be satisfied without appeal. It is insisted by appellant that it was error for the court to thus attempt to compel appellant to waive his right to an appeal before entering the *remittitur*. We are unable to perceive how this point can be raised on this appeal. The remarks of the court and the condition upon which the judgment was to be set aside form no part of the rulings of the court. As shown by the record, the motion for a new trial was unconditionally overruled. The fact that the judge may have entertained certain views concerning the merits of the case could have no legal effect upon his rulings, which were wholly unqualified. If he considered the verdict excessive it was his duty to require a *remittitur* or grant the motion for a new trial. The question whether the judgment is excessive is one of fact, upon which the finding of the Appellate Court is final. That court expressly passed upon the amount of this judgment and held that it was not excessive. With that conclusion we cannot interfere.

It is insisted that it was error for the court to permit the jury to take the declaration into the jury room upon their retirement. In this there was no reversible error. *City of East Dubuque* v. *Burhyte,* 173 Ill. 553.

It is again urged that the trial court erred in giving the third, sixth and tenth instructions on behalf of the appellee. The third is to the effect that while the burden of proof is upon the plaintiff, "still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although slightly, it would be sufficient for the jury to find the issues in his favor." This instruction, in effect, has been approved by this court in *Taylor* v. *Felsing,* 164 Ill. 331, and *Chicago City Railway Co.* v. *Bundy,* 210 id. 39. It seems to be an exact copy of the one under consideration in the latter case.

The sixth instruction informed the jury that the plaintiff was a competent witness in his own behalf and that the jury had no right to refuse to consider his evidence, but in determining its weight they had the right to consider that he was interested and determine whether his testimony had been affected by that fact; that they were the judges of his credibility, the same as in case of any other witness. This instruction also has been approved by this court in *North Chicago Street Railroad Co.* v. *Anderson,* 176 Ill. 635, and we regard it free from substantial objection.

The tenth instruction directed the jury that in passing upon the credibility of the testimony of the several witnesses they should reconcile all the different parts of the evidence, if possible; that "it is only in cases where a witness has willfully and corruptly testified falsely as to some material matter, and is not corroborated by other credible evidence, that the jury is warranted in disregarding his or her testimony. Although a witness may be mistaken as to some part of his or her evidence, it does not follow, as a matter of law, that he or she has willfully told an untruth or that the jury would have the right to reject his or her entire testimony," etc. The objection to this instruction is, that it uses the words "willfully *and* corruptly," whereas it is said, "if a witness has either willfully *or* corruptly testified falsely," etc., the jury may disregard his or her testimony. It is well settled that it is not enough that a witness may have testified falsely to justify the jury in ignoring his evidence, because he may have done so through mistake. The exact question here raised has never been passed upon by this court, but we are clearly of the opinion that the criticism is without force. The instruction would, we think, have been good if it had used only the word "willfully," but the addition of the word "corruptly" did not make it bad. If a witness swears willfully fasely, he must have done so corruptly. In order to justify a jury in disregarding the testimony of a witness it must first appear that such testimony is false, and then if the jury

believe that it was willfully so they may disregard it, except in so far as corroborated. The instruction as given could not have misled the jury to the prejudice of the defendant.

It is finally insisted that the trial court erred in refusing to give certain instructions asked on behalf of the defendant. From an examination of the series of instructions given at his request we think those refused, in so far as they announced correct principles of law, were covered by those given. The instructions, taken as a whole, fairly presented the case to the jury, and no prejudicial error was committed either in the giving or refusing of instructions.

There are no reversible errors of law in this record, and the judgment must be affirmed.          *Judgment affirmed.*