### Amasa Clark, Administrator, v. Farmington Coal Company.

1. INSTRUCTIONS—*must be predicated on the evidence.* Instructions given in a cause must be predicated upon the evidence therein.

2. INSTRUCTIONS—*must not ignore substantive ground of recovery.* An instruction given at the instance of the defendant which concludes with a direction of a verdict, must not ignore any substantive ground of recovery properly relied upon by the plaintiff.

Action for personal injuries. Error to the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

HARDIN W. MASTERS and THOMAS D. MASTERS, for plaintiff in error.

CHIPERFIELD & CHIPERFIELD, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

T. C. Conklin brought his suit against the Farmington Coal Company, defendant in error, to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant in error.

Upon the trial of the cause in the Circuit Court of Fulton county, there was a verdict in favor of defendant in error, and a judgment thereon against the plaintiff for costs, and in bar of his action. The plaintiff, T. C. Conklin, has, since the rendition of judgment, died from causes apart from the injuries sustained by him, and this writ of error, to reverse said judgment, is prosecuted by the administrator of his estate.

The declaration contained four counts. The first count alleged that plaintiff was riding in a carriage, drawn by a span of mules, along a certain public highway; that the servants of defendant were then driving a traction engine, attached to a residence building, in an easterly direction on the public highway toward the plaintiff; that while the plaintiff was proceeding with all due care, the servants of defendant so negligently drove and managed said engine that the said mules became frightened and unmanageable, and ran away, whereby the plaintiff was injured.

The second and third counts alleged in substance, that the servants of the defendant were then driving two traction engines on the public highway; that while the plaintiff was attempting to pass said engines and the frame structure to which they were attached, the servants of the defendant negligently started said engines in motion, and blew off steam, and jerked said frame structure, causing the same to creak, crack, sway and veer towards the mules of the plaintiff, thereby causing said mules to run away,

etc.   The fourth count alleged that the defendant then and there failed to keep a good and trusty man, not less than fifty nor more than two hundred yards in advance of said traction engine to assist in controlling any horses or other animals being used or driven on such highway until said horses or other animals had passed by said engines; that while the plaintiff was proceeding with all due care, in driving said mules toward said engines, and while attempting to pass around the same on a public highway, the servants of the defendant caused said engine to be put in motion, thereby making great and unnecessary noises, and so negligently operated said engines that said mules became frightened and ran away, etc.

For the purposes of this opinion it is unnecessary to review the evidence as the same was adduced upon the trial.   It is sufficient to say that as bearing upon the question of the negligence of the defendant as alleged in the declaration, and the exercise of due care by the plaintiff, the evidence is close and conflicting.   It becomes important, therefore, to determine whether the trial court committed error in refusing and giving instructions.   The third instruction offered by plaintiff was covered by the second, fourth, fifth and tenth instructions given by the court at the request of plaintiff and was properly refused. The sixth instruction offered by plaintiff and refused by the court was properly refused, because it was not supported by the pleadings or the evidence in the case.

The twelfth instruction offered by plaintiff is a correct statement of the law and might well have been given to the jury.   Taylor v. Felsing, 164 Ill. 331; Chicago City Ry. v. Bundy, 210 Ill. 39; Hanchett v. Haas, 219 Ill. 546.

There is not a scintilla of evidence in the record to support the fifth instruction given at the instance of defendant, and the instruction should have been refused.   Defendant's sixth given instruction was not

applicable to any issue in the case and was improperly given. The ninth instruction given at the request of defendant directs a verdict, and ignores the substantial ground of negligence relied upon by plaintiff for a recovery, viz., the starting of the engine before plaintiff had passed the obstruction in the highway. Defendant's tenth given instruction was properly given. Defendant's seventeenth given instruction is the antithesis of plaintiff's sixth refused instruction and was properly given. Defendant's eighteenth given instruction is not based upon any evidence in the case and should have been refused.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*