Anthony Conley, Appellee, v. Wells Brothers Company, Appellant.

Gen. No. 15,116.

INSTRUCTIONS—*when erroneous in ignoring defense of assumed risk.* If the defense of assumed risk is supported by evidence in the cause and the declaration does not negative the assumption of risk, an instruction is erroneous which in effect tells the jury that the plaintiff is entitled to recover if the evidence preponderates in favor of the plaintiff upon the allegations of his declaration or any count thereof, and such an instruction is not cured by other instructions given to the jury upon the question of assumed risk.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed May 19, 1910. Rehearing denied May 31, 1910.

CALHOUN, LYFORD & SHEEAN, for appellant; ROBERT J. SLATER, of counsel.

B. J. WELLMAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries plaintiff had judgment for $3,500, and defendant appealed. The declaration consisted of five counts, as follows:

First count. Alleged that on February 24, 1905, plaintiff was a servant of defendant and as such was working in a certain well or caisson in a certain excavation and in the ordinary course of his employment, by the direction of the defendant, attached the two halves of a certain ring to a loop or sling of rope to a certain rope or cable, by means of which the ring was drawn up in the well, and when he had so attached the ring to said sling or rope the same was by the defendant drawn up, when, without fault on the part of the plaintiff, and through the negligence of the defendant, said ring gave way and fell and said loop or sling per-

mitted said ring to fall down to and upon and against the plaintiff, whereby, without fault on the part of the plaintiff, he was injured.

Second count. After alleging plaintiff's employment and presence in the well, charged that the defendant so carelessly and negligently raised and hoisted said pieces of iron that thereby, without fault on the part of the plaintiff, said pieces of iron then and there fell and were detached from and torn loose from said rope or cable and fell down to and upon the plaintiff.

Third count. That the defendant was possessed and had control of a certain cable or rope and of a certain sling or loop of rope attached to the end of said rope or cable, which loop or sling the defendant carelessly and negligently had and permitted to be improper and insufficient and weak and rotten, and out of repair, and which the defendant carelessly and negligently and in violation of its duty then and there furnished to the plaintiff, as one of its servants, by means whereof a certain ring or the parts of a certain ring or hoop of metal which the plaintiff had attached to said sling or loop, in the course of his employment, fell down to and upon the plaintiff, by reason of the tearing, breaking or giving away of said defective sling or loop, whereby, without fault on the part of the plaintiff, and through the negligence of the defendant, the plaintiff was injured.

Fourth count. After the charge of plaintiff's employment and presence in the well, alleged that in the ordinary course of his employment plaintiff was attaching two parts of a ring of iron or metal of great weight, to wit, 150 pounds, to the rope or cable, by means of a sling or loop of rope, and that the defendant then and there hauled or pulled said parts of the ring so attached to said sling or loop of rope in so careless, negligent and improper manner that thereby some part thereof gave way, whereby, without fault on the part of plaintiff, and through the negligence of

defendant, said parts of said ring fell down to and upon and against him.

Fifth count. Substantially the same as the fourth, except that the charge of negligence against defendant is that it carelessly, negligently and in violation of its duty to the plaintiff, furnished him with a defective, improper and insufficient sling or loop of rope so that thereby, without fault on his part, and through the negligence of the defendant in the regards aforesaid, said sling or loop of rope gave way or broke and tore, whereby said ring fell down to and upon the plaintiff.

The plea was not guilty.

Defendant was engaged in putting in the foundation of a building, and for that purpose dug down to the rock a number of shafts about seven feet in diameter, which were intended to be filled with concrete. Such shafts were cased with lags or staves about six feet long, which were held in place by rings placed inside of the casing. As the shafts were filled with concrete the lags or staves and the rings were taken out and raised to the top of the shaft by means of a steam hoisting engine with its appliances. One of such appliances was a spool or drum called a "niggerhead", which revolved continuously. A rope or cable, at the lower end of which was a hook, extended from the shaft, passed over a pulley suspended above the shaft, and thence to the niggerhead, around which two turns were taken and the end left loose. The operation of this rope was controlled by an employe of defendant called the niggerhead man, by pulling taut or slackening the loose end of the rope beyond the niggerhead.

Plaintiff was in the service of the defendant, and it was a part of his duties to go down into the shafts, loosen the rings and fasten the same to the hook at the lower end of the cable. When this was done he gave a signal to hoist to another employe stationed at the top of the shaft, who passed the signal to the niggerhead man, who pulled the rope tight on the niggerhead and thereby the load was hoisted. To fasten the ring

to the hook defendant furnished to plaintiff a sling. This sling was originally one of three strands of Manilla rope; and ends of the strand were tied together and the loop or sling so made was about eighteen inches long.

Just before the accident plaintiff took out a ring, passed the sling around it and hooked the sling into the hook at the end of the rope. He then gave the signal to hoist and the ring was hoisted to the top of the shaft. The ring struck against a platform which covered about one-half of the top of the shaft, the sling broke and the ring fell down the shaft and struck the plaintiff, inflicting on him the injuries complained of. Plaintiff had used the sling which broke about three hours before the accident occurred, and during that time several other rings had been raised.

The facts above set forth are not to be understood as a complete statement of the facts of the case. It has been our purpose to set forth only enough of the facts, as to which there is no dispute, as are sufficient to show that the case involved and presented the question of assumption of risk by the plaintiff. That question was clearly presented, and it was essential to a proper trial of that issue that the jury be correctly instructed as to the principles of law which should govern them in reaching a conclusion on that issue.

The court gave for the plaintiff the following instruction: "The court instructs the jury as a matter of law, that the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence; still, if the jury believe that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for you to find the issues in his favor". The words "his case" and "plaintiff's case" in the instruction mean plaintiff's case as alleged in the declaration or some count thereof, and the words "evidence bearing on plaintiff's case" mean and include all the evidence

in the case. In effect the instruction states that if the jury believe that the evidence preponderates in favor of the plaintiff's case as alleged or laid in his declaration, or some count thereof, although but slightly, that would be sufficient for the jury to find the issues in his favor. The effect of said instruction was to eliminate the question of assumed risk, as it is not averred in any count of the declaration, either expressly or by implication, that the plaintiff did not assume the risk of being injured by the breaking of the sling, or that he did not know or have reason to know of its defective condition at the time it broke; nor is there any fact averred in any count of the declaration which negatives the assumption of risk by the plaintiff. The distinction between cases in which such an instruction is erroneous and those in which it is not erroneous, is clearly stated in Kirk & Co. v. Jajko, 224 Ill. 338. It is erroneous in an action by a servant against his master for injuries alleged to have been sustained by the servant through the negligence of the master where on the facts the question of assumption of risk is involved, unless the averments of the declaration negative the assumption of risk by the plaintiff, and it is not erroneous when the question of assumption of risk is not involved or where such assumption is negatived by the averments of the declaration. The giving of substantially the same instruction was held reversible error in Montgomery Coal Co. v. Barringer, 218 Ill. 327; Terra Cotta L. Co. v. Hanley, 214 id. 243; I. C. R. R. Co. v. Smith, 208 id. 608; L. E. & W. R. R. Co. v. Wilson, 189 id. 89; Swift v. Rutkowski, 167 id. 156; Herdman-Harrison Co. v. Spehr, 145 id. 329, in all of which the question of assumed risk was involved.

The instruction in question was held proper in Hanchett v. Haas, 219 Ill. 546; C. C. Ry. v. Bundy, 210 id. 39, and Taylor v. Felsing, 164 id. 331. Neither Hanchett v. Haas nor C. C. Ry. Co. v. Bundy was an action of a servant against a master. Taylor v. Fels-

ing was such an action, but the declaration alleged a promise to repair, and therefore negatived the assumption of risk.

The effect of the instruction was to direct a verdict if the jury found the defendant guilty of the negligence alleged in any count of the declaration, and that the plaintiff was injured thereby and was in the exercise of due care for his own safety, although the language was, "would be sufficient for you to find a verdict in his favor." In Terra Cotta Co. v. Hanley, *supra,* the words of the instruction were: "if you believe, etc., then you can find a verdict for the plaintiff;" in I. C. R. R. Co. v. Smith *supra* the words were: "if you believe, etc., then the plaintiff will be entitled to recover;" and in both cases the instruction was held to direct a verdict if the facts stated in the instruction were found by the jury to be true.

The error in the instruction given in this case was not cured by the instructions upon the question of assumed risk given for the defendant. Montgomery Coal Co. v. Barringer, *supra*; Terra Cotta Lumber Co. v. Hanley, *supra*; I. C. R. R. Co. v. Smith, *supra*; Pardridge v. Cutler, 168 Ill. 504.

The giving of said instruction for the plaintiff was, in our opinion, reversible error, and for that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*