THIRD DISTRICT—JULY, 1923. 405

Mitchell v. Central Illinois Public Service Co., 231 Ill. App. 405.

---

Elmer Mitchell, by Ida Mitchell, Guardian, Appellee, v. Central Illinois Public Service Company, Appellant.

Gen. No. 7,590.

1. ELECTRICITY—*electric company not insurer against injury from power line.* It was reversible error, in an action for damages for personal injuries sustained by coming in contact with a high-voltage power wire which had fallen upon a public highway, to instruct the jury that if they believe from the evidence that plaintiff had proved his case as charged in some count of the declaration they were at liberty to find a verdict in his favor, where it was alleged in the declaration that it was the duty of the defendant "to so maintain its transmission line as not to injure, or allow said wires to become in such condition or position as to injure, any person passing along and upon said public highway; and that appellant was guilty of a breach of this alleged duty and therefore liable."

2. INSTRUCTIONS—*peremptory language not requisite to direction of verdict.* An instruction in a negligence case which gives the jury a direction as to the kind of verdict to render in case they find plaintiff has proved his case as alleged in some count of his declaration, by informing them they are "at liberty to find a verdict" for him, directs a verdict even though the language used is not peremptory.

Appeal by defendant from the Circuit Court of Scott county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed July 10, 1923.

VAUSE & KIGER, for appellant; FUNK & MCKEENE, of counsel.

JOHN J. REEVE, HUGH P. GREEN and J. M. RIGGS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was commenced in the circuit court of Scott county by Elmer Mitchell, the appellee, who is a minor, by Ida Mitchell, his guardian, against the appellant, Central Illinois Public Service Company, to recover damages for injuries received by the appellee by coming in contact with the electric wires of appellant's transmission line located along the highway between Alsey and Winchester in Scott county. The declaration alleges that the injuries resulted to the appellee from the negligence of the appellant in not properly maintaining the electric wires of the line, and the poles upon which the wires are carried.

There was a trial by jury which resulted in a verdict for the appellee, fixing his damages at $30,000. The appellant made a motion for a new trial, which the court denied, and thereupon rendered judgment on the verdict. From this judgment an appeal is prosecuted.

The proofs in the case show that the electric transmission line which the appellant owned and operated along the public highway between Alsey and Winchester carries an electric current of 16,500 volts; and the wires carrying this current are suspended on cross-arms which are attached to poles, about twenty feet above the surface of the ground. On the 4th of July, 1921, the poles and wires were lying down in the highway, and in the evening of that day the appellee, with Frank Quinnan and Cortelyou McLaughlin, left Alsey about 7:30 or 8 o'clock in a Ford automobile driven by Lee McGuire, on their way to Winchester. The ap-

pellee testified concerning the circumstances under which he was injured as follows: "There was an interruption in our progress at the top, or near the top, of McAsey Hill. We were going up the hill, and the road was rather slick after the rain, and the car stalled on the hill; the three of us got out to push; and I got out on the west side, and I started towards the back end to push. I went to the front end and pulled upon the front, and I had no more than started to pull till I felt a shock; and that was all I knew. Anyhow, the next thing I knew I was lying on my back in the road —I could see, I could hear, but could not talk, and could not move. * * * When I got out of the automobile on the hill, I did not see any wires, I did not know anything about the wires and poles in the road."

The principal reasons urged on appeal for reversal of the judgment are based on errors in instructions, and particular complaint is made of the giving of instructions 1 and 2 for appellee, which are as follows:

"1. The Court instructs the jury that this is a case wherein the plaintiff, Elmer Mitchell, by his guardian, Ida Mitchell, is seeking to recover from the defendant, Central Illinois Public Service Company, damages on account of injuries alleged to have been received by the said Elmer Mitchell, on account of the alleged negligence of the said defendant in maintaining and operating its transmission line and poles at the time and place in question in this case; and if you believe, from a preponderance of all the evidence in this case, that the plaintiff has proved his case, as charged in the declaration or some count thereof by a preponderance of all the evidence in the case, then you are at liberty to find a verdict in favor of the plaintiff.

"2. You are further instructed that if you believe from a preponderance of all the evidence in this case that the plaintiff was, at the time of the injury complained of, on the highway in question, in the exercise of due care and caution for his own safety, and that the injury to the plaintiff complained of, if any, was caused by reason of the negligence of the defendant,

as charged in the declaration, or some count thereof, then, in that state of the proof you may find the defendant guilty and find a verdict in favor of the plaintiff.''

In the first instruction the jury were told that if they believed from a preponderance of all the evidence that the appellee had proved his case as charged in some count of the declaration they were at liberty to find a verdict in his favor. An instruction of this character must be considered as if it copied the averments of each count of the declaration concerning the negligence averred, and of the breach of duty alleged, as a basis for recovery. *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544. It is averred in the first count ''that it was the duty of the appellant to so maintain its transmission line as not to injure, or allow said wires to become in such condition or position as to injure, any person passing along and upon said public highway; and that the appellant was guilty of a breach of this alleged duty and therefore liable.'' The first additional count contains the same averment as to the duty of the defendant, and a breach of that duty as a basis for appellant's liability. The duty of the appellant imposed by the averments in the counts referred to is a higher duty and more exacting than the law requires; and the enforcement of such a requirement of duty, in the operation and maintenance of appellant's business, would make it an insurer against practically all injury and damage which would result therefrom. What the law required of appellant was that it use reasonable care in the operation and maintenance of its transmission line. The instruction was therefore erroneous and would necessarily lead the jury to the conclusion that if the appellant had not complied with the higher degree of duty alleged in the count it was guilty of negligence, for which a recovery could be had, and would in that case be liable to the appellee. The averment as to the appellant's duty and the breach thereof in the second instruction is substantial-

ly the same, and is erroneous for the same reason. It is contended by counsel for the appellee that these instructions are not peremptory and therefore do not direct a verdict, and that therefore the errors contained therein are not reversible. It is true that the language of the direction concerning the verdict is not peremptory, but nevertheless the language is used to give the jury a direction as to the kind of verdict to render, and must therefore be considered as directing a verdict. It is not necessary that the language used to direct a verdict should be peremptory. *Illinois Terra Cotta Lumber Co. v. Hanley,* 214 Ill. 243; *Illinois Cent. R. Co. v. Smith,* 208 Ill. 608; *Conley v. Wells Bros. Co.,* 155 Ill. App. 567.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*