**Edward Hinkley, Appellee, v. International Harvester Company of America, Appellant.**

**Gen. No. 7,219.**

1. INSTRUCTIONS—*instruction permitting jurors to disregard rules of law erroneous.* An instruction in a personal injuries case which permits the jurors to disregard what they may consider to be "artificial or finespun rules" and to substitute for the rules of law given in other instruction their natural information is erroneous.

2. MASTER AND SERVANT—*when instruction not erroneous for failure to distinguish between general and special employment of negligent servant.* An instruction in a personal injuries case based on the facts in evidence and leaving it to the jury to determine whether servant who caused the injury to plaintiff was the agent or servant of the defendant or of the plaintiff is not erroneous for failure to distinguish between the general and special employment of the servant where it stated all the facts to be taken into consideration in determining the agency of the servant at the time of the injury.

Appeal by defendant from the Circuit .Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in

this court at the April term, 1923. Reversed and remanded. Opinion filed August 13, 1923.

FISHER, NORTH, WELSH & LINSCOTT, for appellant; WM. D. McHUGH and DAVID A. OREBAUGH, of counsel.

GARRETT, MAYNARD & HULL, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Edward Hinkley, began suit in the circuit court of Winnebago county against appellant, International Harvester Company of America, to recover damages for the loss of his right hand occasioned by the alleged carelessness of a servant of the appellant. There have been two trials. At the close of the evidence on the first trial, the court directed a verdict in favor of the appellant. An appeal was prosecuted to this court where the judgment was reversed and the cause remanded. 224 Ill. App. 622. Upon a second trial there was a judgment in favor of the appellee for $6,500, and this appeal was prosecuted.

The principal grounds of reversal urged are that the verdict is not sustained by the evidence and that the court should have directed a verdict in favor of appellant. When this case was before us on the former appeal we stated the facts fully and do not deem it necessary to repeat them. We held that the court improperly directed a verdict in favor of the appellant and we see no reason on this appeal for changing the views therein expressed. For the reason that the judgment will have to be reversed because of error in the instructions, we have purposely refrained from discussing or passing upon the facts, and we will only consider such errors as may be of assistance to the trial court upon another hearing.

Complaint is made of the first, third, fourth, fifth, sixth and seventh instructions given on behalf of ap-

pellee. The first instruction is as follows: "The court instructs the jury that you as jurors are not artificial beings, governed by artificial or finespun rules; but that you should bring into consideration of the evidence before you your every day common sense and judgment as reasonable men; and those just and reasonable inferences and deductions which you as men would ordinarily draw from the facts and circumstances proven in this case, you should draw and act on as jurors. You are to believe as jurors what you would believe as men, and there is no rule of law that requires you to believe as jurors what you would not believe as men." This instruction, in almost the identical language, was passed upon by the Supreme Court in *Johnson v. Pendergast,* 308 Ill. 255. It was there held that the instruction permitted the jury to disregard anything which they might regard as a finespun rule of law and left them to speculate and substitute natural information for the rules of law; that the court in the other instructions gave the jury the rules of law applicable to the facts, and by this instruction permitted the jury to disregard all other instructions if, in their opinions, they were artificial or finespun. It was there held that the instruction was vicious and should never have been given. If the instruction was vicious in that case, it is vicious in this case and is sufficient to reverse this judgment.

The seventh instruction is based upon the facts in evidence and left it to the jury to determine whether or not the servant who caused the injury to appellee was the agent or servant of the appellant, or was the agent or servant of the appellee. The objection to it is that it makes no distinction between the general and special employment of this servant. We do not think it was necessary that the instruction should make such a distinction. All that was necessary was that the instruction should tell the jury what facts they should take into consideration in determining the agency of

this servant at the time of the injury. The instruction correctly recited these facts and was not subject to the criticism made against it.

It is not necessary to set out the third, fourth, fifth and sixth instructions in detail, or to consider each of them separately. They are principally stock instructions and have been approved on many occasions. The construction sought to be placed upon each of them is strained and is not sustained by the language used. The third instruction was approved in *Chicago, B. & Q. R. Co. v. Pollock*, 195 Ill. 162. The fourth was approved in *Chicago City Ry. Co. v. Allen*, 169 Ill. 287, and *Chicago City Ry. Co. v. Olis*, 192 Ill. 514. The fifth has been held good in *Taylor v. Felsing*, 164 Ill. 331; *Chicago City Ry. Co. v. Bundy*, 210 Ill. 39; *Hanchett v. Haas*, 219 Ill. 546. The sixth has been held good in *South Chicago City Ry. Co. v. Kinnare*, 216 Ill. 451.

For the errors indicated the judgment will be reversed and the case remanded.

*Reversed and remanded.*