THE CHICAGO CITY RAILWAY COMPANY

*v.*

NANNIE BUNDY.

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. EVIDENCE—*effect where party seeks to prove an admission by opposite party.* If a party seeks to prove an admission by his adversary as tending to support his cause of action or defense, the adversary is entitled to prove such other parts of the conversation as tend to explain, or even destroy, the admission.

2. SAME—*what evidence in rebuttal is properly admitted.* In rebuttal of testimony that plaintiff in a personal injury case remained silent when her husband, in a conversation with certain callers, stated that the accident was her own fault, it is proper to permit the plaintiff to testify as to the conversation, even though she states such callers claimed to represent the defendant and were seeking to effect a compromise.

3. SAME—*plaintiff may testify she asked the conductor to let her off street car at certain place.* Plaintiff in an action against a street railway company may testify that she asked the conductor to let her off at a certain place, notwithstanding the lapse of time between such request and the time she arrived at her destination, as tending to show notice to defendant's servants of her intention to alight.

4. SAME—*non-expert witness may state that the car was going fast.* A non-expert witness may characterize the speed of a street car as fast, even though unable to estimate the speed in miles per hour.

5. SAME—*non-medical witness may state that person was sick.* A non-medical witness may state that plaintiff in a personal injury case was sick or in a nervous condition after the injury.

6. SAME—*statements made to physician during treatment are competent.* It is proper to permit a physician testifying as to the injuries of the plaintiff in a personal injury case to state what the plaintiff said to him in describing her condition during actual treatment and in direct connection therewith.

7. SAME—*rule as to hypothetical questions.* Counsel may embrace in hypothetical questions such facts as he deems established by the evidence, and if opposite counsel does not consider that all the relevant facts are included in the questions he may include them on cross-examination.

8. SAME—*permitting plaintiff's husband to state that she "complained" is not reversible error.* Permitting the husband of the plaintiff in a personal injury case to state that after her injury, when she walked any considerable distance, she "complained," is not reversible error.

9. APPEALS AND ERRORS—*when party cannot complain of questions and remarks.* A party cannot complain of questions put by coun-

sel, and remarks with reference thereto by the court on objection, where no ruling is insisted upon and no exception taken to the court's failure to rule thereon.

10. INSTRUCTIONS—*when instruction as to carrier's duty is not misleading.* An instruction correctly defining a carrier's duty toward passengers is not misleading in omitting the element of the passenger's exercise of care, where other instructions require the plaintiff to have been in the exercise of due care for her safety.

11. SAME—*when instruction as to preponderance of the evidence is correct.* An instruction is not objectionable which states that while the law requires the plaintiff to prove her case by a preponderance of the evidence, yet if the preponderance in her favor is but slight it is sufficient for the jury to find in her favor.

12. SAME—*when instructions are properly refused.* Instructions are properly refused where their substance is embodied in others given, or where they are not based upon the evidence.

*Chicago City Railway Co.* v. *Bundy,* 109 Ill. App. 637, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

WILLIAM J. HYNES, and SAMUEL S. PAGE, (MASON B. STARRING, of counsel,) for appellant.

W. P. BLACK, and HENRY R. RATHBONE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District, to reverse a judgment affirming a judgment of the superior court of Cook county in favor of appellee, and against appellant, for a personal injury.

The declaration consisted of two counts, the first of which alleged that the defendant was a common carrier of passengers for reward, operating a cable railway upon State street, in the city of Chicago, which crossed Forty-fifth court, another public highway in that city, and was operating, by its servants, certain cars over said street railway tracks on said street for the convenience of passengers, for reward; that plaintiff was a passenger upon

said cars, and while in the exercise of all due and rea-
sonable care and prudence at said intersection, the de-
fendant negligently and carelessly, by its then servants
in charge of the cars, so managed and operated the same
that plaintiff was thrown with great force and violence
from the cars to the ground, and sustained the injuries
set up in the declaration.   The second count is substan-
tially the same as the first, but further alleges that while
the plaintiff, being such passenger, was, in the exercise
of due and reasonable care and prudence, attempting to
alight from said cars at said intersection, the defendant
negligently and carelessly, by its agents and servant's
in charge of said cars, violently jerked and caused the
same to be jerked, and thereby plaintiff was then and
there thrown with great force and violence from the cars.
A plea of the general issue being filed, a trial was had
before a jury, resulting in a verdict for plaintiff of $7000.
A *remittitur* of $2000 having been entered by her, judg-
ment was rendered for the balance, and that judgment
has been affirmed by the Appellate Court.

At the close of all the evidence defendant requested
the court to instruct the jury to find for it, which was
refused, and that refusal is one of the errors assigned
here.   The testimony of the plaintiff herself tended to
show that on July 7, 1893, in the afternoon of that day,
she boarded one of appellant's cars on State street for
the purpose of riding south as far as Forty-fifth court;
that the train consisted of a grip-car and two trailers,
and she took her seat in the last car, about two seats
from the rear, facing north; that before the train reached
Forty-fifth court she asked the conductor to let her off
at that place, and he said he would; that before they
arrived at the court the conductor rang the bell and the
train began to slow up; that she arose from her seat and
took one or two steps towards the side of the car and
then waited for it to come to a full stop, but without any
warning the train suddenly started forward with a jerk,

causing her to lose her balance and fall out of the car on to the street. Two witnesses, named Brown and Gillum, corroborated her in the foregoing statements, but it is insisted that Gillum's testimony was discredited by the fact that he had made statements upon a former trial of the case, and out of court, inconsistent with his testimony upon this trial. The evidence as to such statements, and as to whether they were understandingly made, is conflicting, and no good purpose would be served by our discussing the weight of his testimony, in view of the fact that it was competent and proper to be considered by the jury in connection with all the other testimony; and even if it had been justifiable in wholly disregarding it, still it could not be said, in view of the testimony of the plaintiff and Brown, that there was no evidence produced upon the trial fairly tending to support the allegations of the declaration. The defendant insisted upon the trial, and offered testimony to the effect, that plaintiff's injury did not result from the sudden movement or jerking of the car, but was occasioned by her own want of proper care for her personal safety. There was, therefore, an irreconcilable conflict in the evidence upon these material issues; and it was for the jury, the trial court, and finally the Appellate Court, to pass upon its relative weight. Our jurisdiction on this branch of the case is limited to the question whether or not there is any competent evidence in the record fairly tending to prove plaintiff's case, and we are clearly of the opinion that there is such testimony.

Appellant next insists that the trial court erred in allowing plaintiff to make certain statements by way of rebuttal to testimony introduced by the defendant. One Mrs. McDonald testified, on behalf of the defendant, to a conversation occurring a few days after the accident, between plaintiff, her husband and two women who called themselves Samaritans. These women advised plaintiff to commence a suit for damages, and told her they would

prosecute it for her and it would not cost her anything. Mrs. McDonald testified that when this statement was made the husband of appellee said, in his wife's presence, that the accident was due to her own fault, and he did not see what was the use of bothering with it. The object of that testimony was to show that plaintiff, by her silence, acquiesced in said statement of her husband, thereby admitting that the accident occurred on account of her own fault, and not on account of the negligence of the company. Subsequently the appellee was called in rebuttal to testify in reference to the same conversation, and was asked whether she had ever had such a conversation in the presence of those women, and she answered: "No, sir; I remember two women." She was then asked what she remembered about it, and over the objection of appellant the court permitted her to state the conversation which there took place, and she stated that the two women told her they came to settle with her for $200, and she could get more than that amount, but it would take her four or five years before the case came up. This statement was objected to by counsel for defendant on two grounds: First, that plaintiff was not detailing the same conversation to which the witness, Mrs. McDonald, referred, but was making a statement in regard to some other and different conversation. It sufficiently appears from the language used by her that she referred to what occurred in the presence of the two women mentioned by Mrs. McDonald, and there is nothing in the evidence to show that more than one visit was made by these or other women. The main objection, however, made to the testimony is, that even if plaintiff's statement be true, it was merely evidence of an offer by the women to make a settlement for the defendant company, and was not, therefore, competent; that the law, favoring settlements, will not permit an offer or attempt to settle a controversy to be admitted in evidence against the party making the offer. The record

shows that the proof as to the conversation with the women was first offered by appellant itself, and it can not therefore complain that plaintiff was permitted to explain what occurred, and to give her version of what actually took place. While it is true that in and of itself evidence tending to show an offer of settlement would be incompetent, it cannot be said that plaintiff's evidence was inadmissible even if it was in rebuttal of an offer of compromise. The plaintiff was entitled to prove such other parts of the conversation as tended to explain, modify, or even destroy, the admission, if any, made by her. (*Johnson* v. *Moulton,* 1 Scam. 532; *Chicago, Rock Island and Pacific Railway Co.* v. *Eininger,* 114 Ill. 79.) But we find no evidence in the record justifying the claim that the so-called Samaritans were acting for the defendant company or offering to settle for it.

Appellee's husband, testifying on her behalf, after having been cross-examined, was, upon re-direct examination, asked whether or not the defendant had been trying to settle the case without the knowledge of plaintiff's counsel, which was objected to, and the court remarked: "There is no need of debating this subject; the court has its own idea about it, and I think the jury has too; I know you lawyers have on that subject." Appellant claims that its interests were injuriously affected by this question and by the remarks of the court. The remarks do not indicate an opinion adverse to the defendant or favorable to the plaintiff. As to what was meant by the remarks we have no means of knowing. No answer of any kind was given by the witness and no objection was interposed to the asking of the question and no exception was noted to any ruling thereon, nor was the court asked to sustain an objection to the question. There is, therefore, nothing before us for decision. *Lanquist* v. *City of Chicago,* 200 Ill. 69.

Appellee was permitted to testify that she asked the conductor to let her off at Forty-fifth court, and he re-

plied that he would.  Appellant objects to this testimony upon the ground that this conversation occurred at a time so far removed from the time of the accident that it could not be regarded as a part of the *res gestœ*.  The conductor was appellant's servant in charge of the train. We are at a loss to perceive why it was not proper to prove that plaintiff notified him of her desire to alight at a particular place at any time after she became a passenger.

It is also said that appellee and some of her witnesses were erroneously allowed to state the speed with which the car started.   Such statements were not the expression of mere opinions, as seems to be urged, but evidence of a fact, and clearly non-expert witnesses might testify to such fact.  *Overtoom* v. *Chicago and Eastern Illinois Railroad Co.* 181 Ill. 323; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Illinois Central Railroad Co.* v. *Ashline*, 171 id. 313.

Many objections were made to testimony, by physicians and others, as to the physical condition of appellee after the injury.  We see no valid objection to any of that evidence.  It was proper for witnesses to say that appellee was in a nervous condition even though they were not experts.  We have held, whether a person was sick or not is a fact requiring no special skill or science to understand, and that the fact may be proved by anyone who knows it.   *City of Shawneetown* v. *Mason*, 82 Ill. 337.

It is earnestly insisted that it was error in the trial court to permit witnesses testifying to the nature of appellee's injuries to state what she said to them in describing her bodily condition.   These statements were made to physicians during actual treatment and in immediate connection therewith, though some of them were made after the commencement of the suit.  We have held that a physician, when asked to give his opinion as to the cause of a patient's condition at a particular time, must necessarily, in forming his opinion, be to some extent guided by what the sick person may have told him

in detailing his or her pains and sufferings; but such declarations, being in favor of the party making them, are only competent when made a part of the *res gestœ*, or to a physician during treatment or upon an examination prior thereto, and without reference to the bringing of an action to recover damages for the injury complained of, unless the examination should be made at the instance of the defendant, with a view to the trial. The evidence objected to comes clearly within the rule. *Illinois Central Railroad Co.* v. *Sutton*, 42 Ill. 438; *West Chicago Street Railroad Co.* v. *Carr*, 170 id. 478.

Objection is also made to some of the hypothetical questions put to physicians who testified on behalf of appellee. These objections, made in the trial court, were not sufficiently specific to sustain the special objection here sought to be raised. In other words, the attempt is to raise a specific objection for the first time in this court. Counsel have a right to assume, within the limits of the testimony, any state of facts which they claim to be justified by the evidence, and to have the opinions of experts upon the facts so assumed. The question may embrace such facts as are claimed to be established by the evidence, and if the other side does not think all of the relevant facts are included in such questions it may include them in questions propounded on cross-examination. We do not think there is any valid ground for the objections to these hypothetical questions. (See *Chicago and Eastern Illinois Railroad Co.* v. *Wallace*, 202 Ill. 129; *Howard* v. *People*, 185 id. 552; *Economy Light and Power Co.* v. *Sheridan*, 200 id. 439.

Complaint is further made that appellee's husband was asked whether or not she made complaint after walking any considerable distance, to which he answered, "Yes." The proof, as offered, was merely as to the fact, and the witness was not allowed to state what the complaints were, nor was he allowed to give his own opinion as to the nature of these complaints. The question and

answer might well have been excluded, but the error was not of sufficient importance or materiality to justify a reversal.  *Stevens* v. *People,* 158 Ill. 111; *West Chicago Street Railroad Co.* v. *Carr, supra.*

The giving and modification of instructions are also assigned as error.  The first instruction given for appellee was as follows:

"Common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practical prosecution of the business, to prevent accidents to the passengers riding upon their trains, getting upon them or alighting therefrom."

This is substantially a correct statement of the law, as held by the decision of this court in *Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131, *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 id. 61, and *Chicago and Alton Railroad Co.* v. *Pillsbury,* 123 id. 9.  It is insisted that it is defective in omitting the elements of care required of the plaintiff.  Other instructions given told the jury of the degree of care required of her, and it was not necessary that all of the law applicable to the case should be stated in one instruction.

The third given on behalf of appellee is objected to upon the ground that in summarizing the elements which the jury should take into consideration in determining upon which side the preponderance of the evidence is, it omits the number of witnesses testifying to any particular fact or state of facts.  We think the instruction does include the elements said to be omitted.  The first sentence is: "The jury are further instructed that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts," etc., and then it proceeds to name several of the elements which may be taken into consideration.  The first sentence of the instruction is approved by the decision of this court in the case of *Chicago*

*and Alton Railroad Co.* v. *Fisher,* 141 Ill. 614. It cannot be assumed that the court intended by that instruction to make a complete summary of every conceivable element which the jury might properly take into consideration in determining the credibility of the witnesses. Those various elements were called to the attention of the jury in other instructions, and the jury was therefore fully informed on that point.

The fourth given on behalf of appellee told the jury that "while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it will be sufficient for the jury to find the issues in her favor." This instruction is substantially correct and has been approved by this court. *Taylor* v. *Felsing,* 164 Ill. 331.

The sixth given for the appellee informs the jury that the reasonable care which the plaintiff was required to exercise for her own safety, as referred to in the instructions, is such care as persons of ordinary prudence and intelligence would ordinarily exercise for their own safety, under the same circumstances as those which surrounded the plaintiff at the time of the injury. It is contended that this instruction inaccurately includes the word "intelligence" as well as "prudence." In adding the element of intelligence to that of prudence it exacted from plaintiff a higher degree of care than if the term "prudence," only, had been used. How the appellant could have been prejudiced by the additional word we are at loss to perceive.

The twenty-fifth instruction offered by appellant was modified by the court and given as modified, as follows:

"The court instructs you that it is a principle of law that if you believe, from the evidence, that any witness has willfully and knowingly sworn falsely to any material element in the case, or that any witness has willfully

and knowingly exaggerated any fact or circumstance material to the issues in the case for the purpose of deceiving, misleading or imposing upon the jury, [*either as to the origin of plaintiff's alleged ailments, so far as, from all the evidence, you believe they existed, or as to the nature and extent of the alleged injury, or as to the manner of the alleged accident in question,*] then the jury have a right to reject the entire testimony of such witness, except in so far as corroborated by other evidence which you believe, or by facts and circumstances appearing in the case."

The court simply struck out of the instruction that portion italicized above, and in all other respects gave it as asked. The modification was clearly right under the ruling of this court in *Chicago City Railway Co.* v. *Allen,* 169 Ill. 297.

Complaint is also made of the refusal of the trial court to give the twenty-seventh and thirtieth instructions offered on behalf of appellant, but as there is no evidence in the record upon which to base either of them they were properly refused.

Objection is also made to the refusal of the twenty-sixth, twenty-ninth and thirty-first instructions offered on behalf of appellant, but as all of these instructions were embodied substantially in others which were given both for the appellant and appellee, there was no error in their refusal.

Taking the instructions as a whole and as constituting a single charge, which must be done, they state the rules of law applicable to the facts of the case with substantial accuracy, and are sufficient to fully inform the jury as to the rights of the respective parties. Certainly appellant has no just cause for complaint. *West Chicago Street Railroad Co.* v. *Lieserowitz,* 197 Ill. 607; *Central Railway Co.* v. *Bannister,* 195 id. 48.

Appellant claims that at various times during the examination of witnesses counsel for appellee put questions which were improper, for the purpose of making

210—4

an impression upon the jury unfavorable to appellant. It does not point out all of these. As to two of such questions alleged to have been improperly asked, counsel for the appellant objected and the objection was sustained. Others were objected to and not ruled upon by the court, nor did counsel insist upon a ruling or take any exception, so far as we can ascertain from the record.

Very many unimportant objections are made and errors assigned by counsel for appellant. We have considered them all, and perhaps unnecessarily extended this opinion in the consideration of many of them. We are convinced that there is no reversible error in the record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*