ALBERT FUCHS

*v.*

DAVID K. TONE.

*Opinion filed December 20, 1905.*

1. EVIDENCE—*hypothetical questions must be based upon the evidence.* In an action by an attorney for fees for services rendered, an hypothetical question put by defendant to expert witnesses calling for their opinion as to whether the proceeding instituted by the attorney was a necessary and proper one to "get possession" of leased property is properly refused, where it ignores the evidence that plaintiff's contract of employment covered other matters besides the recovery of possession of the property.

2. SAME—*questions as to reasonableness of attorney's charges should cover the matter of his employment.* A question as to what would be a fair and customary charge for certain services by an attorney is properly refused in an action by the attorney for fees, where a considerable portion of the services which the plaintiff was employed to perform is not included in the question.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

STEIN, MAYER, STEIN & HUME, for appellant.

THOMAS J. SUTHERLAND, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in assumpsit, commenced in the circuit court of Cook county to recover money claimed to be due from appellant to appellee for legal services. The declaration consisted of the common counts for money due and unpaid, and a special count alleging a contract for professional services in certain matters, etc. This special count was abandoned by appellee. A hearing was had before the court and a jury, which resulted in a verdict and judgment against the appellant in the sum of $1400, which judgment was affirmed by the Appellate Court for the First District, and appellant has perfected his further appeal to this court.

The only error relied on by the appellant for reversal of the judgment is, that the court refused to admit certain evidence tendered in his behalf.

The testimony shows that the appellant was the owner of certain property and premises used in conducting the business of a florist; that in May, 1900, he sold the business and stock to one Walter Retzer for $30,000, $10,000 of which was paid in cash; that for the remainder, $20,000, Retzer gave notes in different sums due at different times, and $15,000 thereof was guaranteed by one Mrs. Urich; that the first note of $4000 was paid when due and a second note for $2500 was past due and unpaid; that at the time the business was purchased Retzer took a ninety-nine year lease of the premises, in which the appellant gave to said Retzer an option to buy the buildings on the premises for $10,000, and also an option to buy the premises, other than buildings, during the continuance of the demised term, for the sum of $22,500; that during the period prior to the election to purchase the premises the said Retzer was to pay as rental the sum of $150 per month for the premises, not including the buildings, and $500 per year for the buildings. This lease, in addition to the covenants to pay the notes, in-

terest and rents as they fell due, contained the usual clause providing for a forfeiture of said demised premises upon a breach of any of said covenants. In August, 1902, there being a default in the payment of one note and the accumulated interest and several monthly payments of rent, the appellant, in company with an attorney who had advised him for several years, went to the office of the appellee to employ him as his attorney. The evidence is conflicting as to what the terms of employment were. The appellee insists he was employed to collect the sum of $28,000 due on the contract of purchase and enforce the payment of the sum of $15,000 guaranteed by Mrs. Urich; to procure the lease and options for the purchase of the buildings and of the premises to be canceled; to collect the rents due and "to stop" said Retzer from selling out the stock and paying out the proceeds to his relatives, etc. The appellant insists, and testified, that he stated the facts and circumstances relative to the dealings with Retzer to the appellee, and told him that one note for $2500, being a part of the purchase price of the business, and the interest thereon, were past due and that several months' rent was unpaid; that appellee advised him that certain of the provisions in the lease would not stand in court and that he could not bring any action to take possession of the premises, or it would take two years to secure possession if he could do so, and that before they could get possession in that way Retzer would have the stock disposed of, and that appellee then advised him (appellant) that a proceeding in bankruptcy was the proper procedure. The appellee, as attorney for appellant, caused proceedings to be instituted to procure Retzer to be declared a bankrupt, and procured an order declaring said Retzer to be a bankrupt and ordering all of his estate and property of every kind to be sold. He procured the allowance of claims in favor of the appellant against the bankrupt in the sum of $18,000, and appellant, under the instructions of the appellee as his attorney, appeared at the sale of the property of the bank-

rupt and purchased his rights and interests in the lease and the two options aforesaid and became the owner thereof, and received possession of the premises, including the buildings and fixtures, and that appellant received his dividends as a creditor of the bankrupt. In the course of the bankruptcy proceedings there was a great deal of litigation required, which received the care and attention of the appellee as an attorney.

Appellant insisted in the trial court, and so insists here, that what he wanted was to re-possess himself of the premises held under the lease and options, and that the appellee proceeded in a circuitous and unnecessarily expensive manner to bring about the desired result, and that he was liable only for such legal services as would have been necessary had the appellee proceeded in that ordinarily careful and skillful manner required of an attorney according to good practice in his profession. It is therefore complained that the court erred in refusing to allow three expert witnesses to answer the following hypothetical question propounded in behalf of the appellant: "State whether or not, in your opinion, proceedings in the nature of filing a petition in bankruptcy were a necessary and proper proceeding to get possession of the property described and demised by this lease upon covenant broken."

A hypothetical question is only proper to be put to expert witnesses when the facts assumed therein stated are fairly within the range of the testimony. (*Chicago City Railroad Co.* v. *Bundy,* 210 Ill. 39; 8 Ency. of Pl. & Pr. 557.) This question as propounded was not and could not be based upon any evidence in the record. There is no evidence in the record to show, or to tend to show, that the appellee was employed solely to recover possession of the premises described in the lease. The testimony of the appellant clearly disclosed that at the time he went to employ the appellee he stated to him the fact of the default in the payment of rents, and the further fact that a note given for a portion of the

purchase price of the business was then due and unpaid, together with the interest thereon, and placed the lease showing the amount of rents due, and also the note and the guaranty of Mrs. Urich in the sum of $15,000, in the hands of the appellee. The appellant testified that he told appellee that he wanted him to collect the $15,000 guaranty signed by Mrs. Urich, who was guarantor for a portion of Retzer's indebtedness, and the $2500 note, and interest thereon, given as a part of the purchase price of the business, and that under these circumstances the appellee advised the bankruptcy proceedings. There is no evidence tending to show that the appellant asked advice of appellee as to the mode of securing possession of the demised premises. The hypothetical question assumed that the appellee was only employed to recover the possession of the leased premises, and ignored other material facts testified to by the appellant as being a part of the contract of employment. It was proper for the court to require a statement in the hypothetical question of sufficient facts to the witness to enable him or them to give an opinion of some value to the jurors. The question was clearly misleading and was properly excluded.

It is insisted the court erred in excluding testimony offered by the appellant intended to show "what would be a fair and customary charge in the matter of taking possession under a ninety-nine year lease when the real estate and buildings were of the value of about $20,000, after conditions broken." This question also ignored a considerable portion of the matters which it is clear the appellee was employed to perform. It was fairly within the discretion of the court to refuse to permit it to be propounded, as it would have been of no aid to the jury and might have tended to confuse or mislead them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*