## Martin Ryan, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,498.

1. VERDICTS—*when not disturbed.* Notwithstanding the record shows manifest contradictions a judgment will not be set aside if the Appellate Court cannot say that the verdict is not sustained by the evidence.

2. VERDICTS—*when not excessive.* Held, in an action on the case for personal injuries that a verdict for $1,500 was not excessive where it appeared that the plaintiff, a child of 11 years, suffered severe injuries to his stomach and spleen resulting in his growth being stunted and causing impaired nutrition.

3. EVIDENCE—*what questions immaterial.* Various questions set forth in the opinion bearing upon the question of the injury complained of, considered, and held immaterial.

4. INSTRUCTIONS—*what upon preponderance of evidence will not reverse.* Notwithstanding the ensuing instruction has often been criticised, it has been uniformly held that its giving does not constitute reversible error.

"The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it will be sufficient for the jury to find the issues in his favor."

5. INSTRUCTIONS—*when upon condition of sidewalk properly refused,* If the evidence is disputed that for at least six weeks before an accident the sidewalk in question had been out of repair, it is proper to refuse an instruction based upon the hypothesis that at the time of the injury the sidewalk appeared to be in proper and safe condition.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 16, 1911.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

On the 19th of December, 1908, appellee recovered a judgment in the Circuit Court of Cook County, against appellant, for $1,500.  The declaration charged that Martin Ryan, then about eleven years of age, was injured by falling through a hole, caused by the absence of one or two planks from a sidewalk on the north side of Forty-third place, west of Princeton avenue, in the City of Chicago.  The accident is said to have occurred about eight o'clock the evening of June 19th, and the defect in the sidewalk is said to have existed for a period of from six weeks to two or three months. It was claimed that plaintiff suffered severe injuries to his stomach and spleen, resulting in his growth being stunted because of impaired nutrition, and that the injury was permanent in its effect.

Appellant contends that the judgment should be reversed because, (1) the verdict was clearly against the weight of the evidence; (2) the trial court excluded proper evidence offered by the defendant; (3 and 4) the trial court erred in giving and refusing instructions, and (5) the verdict is excessive.

Though the declaration alleged, and the mother testified, that the accident occurred upon the 19th of June, 1904, it clearly appears from the testimony of the boy's school teacher that he was in school on Monday and Tuesday, June 20th and 21st, and all day Thursday, the 23rd, which was the last day of school.

The attending physician declared that he first visited the patient on the morning of the 26th of June, 1904, and that the bruises then seemed several days old.

The police officer reported to his superior on the 28th of June the alleged accident as having occurred on the 26th.

The mother testified that she saw Martin fall into the hole where he was struck by the edge of the boards across his stomach, and that he at once became unconscious; that an older brother, Michael, (who testified to the same conditions) then carried him home; that they were up with the

injured boy all night; that he was some better the next morning, (which she says was Sunday) but worse in the evening; that on Sunday he passed blood from his bowels, and on Monday morning he was better, but when they got him up into the bath-room he vomited blood.

The attending physician testified that when he made his first visit, which he said was on the 26th of June, the boy was vomiting blood; that he found him to be injured in the stomach and spleen by contusion and bruising, and the physician spoke of the injury as a rupture of the spleen. He further testified that while the functions of the spleen were not clearly understood or defined, yet it was generally agreed by physiologists that it had to do with the nutrition of the blood. He further testified that he visited the boy professionally about seventeen times before August 4th, when further visits were unnecessary, and that from examinations made by him shortly before the trial he considered the boy stunted, and suffering a permanent nutritional injury.

Martin and his mother testified to the serious character of the injury, and his great suffering for a long time, and that his health permanently was impaired, and that he had never been able to work continuously, since the accident.

It is true that the evidence on behalf of the plaintiff is neither clear nor altogether satisfactory, and that there are manifestly some errors in it as to dates, and some of the details of the affair, but it is not disputed by the city but what the planks had for weeks been out of the walk, and it affirmatively appeared that the police officer had at about its date reported to his superior officer the alleged accident, and the school teacher, testifying on behalf of the city, stated that Mrs. Ryan was a good woman.

From a consideration of all the testimony in the case, and notwithstanding its manifest contradictions in some particulars, we cannot say that the verdict is not sustained by the evidence, and in the light of the testimony as to the suffering endured by plaintiff, and the serious effects of the injury, we cannot say that the verdict is excessive in amount.

It is claimed that the court erred in not permitting a

physician called as a witness by the City to answer the following questions:

"Now, doctor, in your opinion, as to the case such as I have described, that is a blow sufficient to cause rupture of the spleen, would it be necessary, in your opinion, to call a physician right   away or immediately thereafter?"   "Did you ever know of a case of rupture of the spleen, doctor, which rupture had been produced by external violence of some kind, where an operation was not necessary immediately?" "Well, doctor, in your opinion, in a case of rupture of the spleen caused by external violence, would an operation be necessary immediately thereafter?"   And further that the court erred in striking out the answer of the witness to the following question:

"Well, doctor, in your opinion, in a case of rupture of the spleen caused by internal violence, would an operation be necessary immediate thereafter?"

We do not think the action of the court in respect to these questions constituted reversible error.   Indeed, the court would hardly have been justified in ruling otherwise upon any of them.   The questions raised immaterial issues, and answers could not throw any light upon the real issues in the case; nor was there any substantial error in the court's ruling against the city upon the other three questions asked, which were:   "And, while he worked there, (for Swift & Co.) did he do his work in a satisfactory manner?"   .And, "What was the cause of his quitting work there?" And, "Did he quit the job there, or did he get fired?"

Appellant complains of the following instruction, given by the court:

"The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it will be sufficient for the jury to find the issue in his favor."

While this instruction has often been criticised in this

court, and in the Supreme Court, yet that court has expressly held it was not reversible error to give the instruction. Taylor v. Felsing, 164 Ill. 331; C. C. Ry. Co. v. Bundy, 210 Ill. 39.

Appellant also complains that the court erred in refusing to give instruction number 13 offered by it. The instruction reads:

"If the jury believe, from the evidence, that the sidewalk in which the defect is alleged to have been, and where the plaintiff is alleged to have been injured, was properly and safely constructed and laid down, and that prior and up to or about the time of the alleged injury, it appeared to be in a proper and safe condition, then, if there be no evidence that the defendant had actual knowledge of such defect, or that the defect existed for such length of time before the injury, that the defendant, if exercising proper care and diligence, would have known of it, the jury should find the defendant not guilty."

This instruction is clearly objectionable. The evidence was undisputed that for at least six weeks before the accident, the sidewalk had been out of repair, and accordingly the court had no right to give an instruction based upon the hypothesis that, at the time of the injury, the sidewalk appeared to be in proper and safe condition.

Upon the whole record before us, we think the judgment of the court below must be affirmed.

*Judgment affirmed.*