Herman L. Whipkey, Appellee, v. Ed Ashbaugh, Appellant.

454

Opinion filed September 19, 1932. Rehearing denied October 21, 1932.

SHAW & HUFFMAN, for appellant.

SUMNER & LEWIS, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Herman L. Whipkey, appellee, recovered a judgment against Ed Ashbaugh, appellant, in the circuit court of Lawrence county, in the sum of $1,400 for personal injuries sustained by him, occasioned through the operation and driving of an automobile of appellant, by Stella Ashbaugh, his wife, and from which judgment appellant prosecutes this appeal.

The declaration consisted of three counts, each of which averred the management, operation and control of appellant's car by Stella Ashbaugh, wife of appellant, with his knowledge and consent, and as agent of appellant.

The first count charged general negligence in driving of appellant's car, thereby causing a collision with car of appellee.

The second count contained substantially the same allegations of negligence except that it alleges the car of appellant was operated in reverse or backing up at the time of the collision.

The third count is quite similar to the second count except that it does not allege any collision of the cars but charges that the appellant's car was negligently and carelessly driven in such a manner as to run into and strike with great force and violence the appellee.

To the declaration the appellant pleaded the general issue with two special pleas, one denying the ownership, possession, operation and control of the car and the other denying the same things together with denial of the agency of the said Stella Ashbaugh.

The testimony showed that Stella Ashbaugh, wife of appellant, was operating the car of her husband on the night of June 9, 1931, taking their 15-year-old daughter to a party; that while she was driving the car in a westerly direction upon Jefferson street, which runs along the south side of the Court House Square, in the City of Lawrenceville, she stopped her car at the intersection of this street with 12th street, which street runs north and south and intersects Jefferson street at the southwest corner of the public square; that a traffic signal is located at the intersection and that Stella Ashbaugh drove appellant's car out into the intersection about nine or ten feet and stopped with the changing of the lights.

Appellee was driving his car immediately behind the Ashbaugh car and stopped eight or ten feet behind it when the traffic lights turned red. As he slowed up he signaled with outstretched arm his intention to stop to cars following in his rear. He turned his front wheels slightly to the right intending to drive north on

12th street. Stella Ashbaugh then put her car in reverse and backed up sufficiently to collide with the car of appellee, thereby striking his arm and breaking it.

A number of reasons are assigned for a reversal of the judgment.

Appellant offered a motion for directed verdict at the close of plaintiff's evidence and again at the close of all of the evidence, both of which were refused.

Appellant urges that this is an action of trespass and that while section 36 of the Practice Act, Cahill's St. ch. 110, ¶ 36, abolished the distinction between trespass and case, it did not modify or change the distinction existing between them at common law with respect to the proof necessary for each, and that the distinction between negligence and wilfulness is fundamental; that proof sufficient to support case will not support trespass, and that the proof in this case is not sufficient to support trespass. No charge of wilful and wanton conduct is set forth in any of the counts of the declaration and no motion was made to direct a verdict as to any particular count, so that where the proof sustains any of the counts charging negligence it was proper for the court to refuse a motion for a directed verdict which was general. *Smoot v. Hollingsworth,* 265 Ill. App. 447. In this case the evidence fully supports the charge of general negligence.

It is next insisted that appellee did not prove by a preponderance of the evidence that appellant was the owner of the car in question. Martha Egleson, a domestic employed in the Ashbaugh home at the time of the accident, testifies positively that the car was owned by appellant and that she heard Mr. and Mrs. Ashbaugh discussing the fact after the accident in which conversation it was stated by appellant that the papers and insurance concerning the car were in appellant's name. Appellee testified it was appellant's car and in the final cross-examination of appellant he told about

purchasing the car in 1926, and it is a fair inference from his statement that he was the owner. The ownership was amply proven.

The appellant also urges there is no sufficient proof of the agency of Stella Ashbaugh. The witness Martha Egleson testified on direct and also on cross-examination that as an employee she heard the family conversation at the supper table the evening of the accident and that appellant told his wife to take the daughter Janis to a party and that he would go after her. The appellant and his daughter both testify that they did not remember hearing any such conversation and appellant further said that he did not give his wife any orders or instructions about the car that evening. Under this state of the proof it was a question of fact for the jury to determine and if they believed the testimony of the witness Egleson it would be sufficient proof of agency under the holding in the case of *Smoot v. Hollingsworth, supra.* In that case a minor son was directed by his father, the owner of the car, to take two out-of-town guests of the family to the theater. An accident occurred on the way to the theater and it was held that the son was at that time engaged in the father's business and was the servant of his father.

Much is said by appellant about contributory negligence on the part of appellee and his ability to have avoided the accident through the exercise of ordinary care and caution. However, it is undisputed that the appellee drove up to the proper place and stopped his car when he found the lights against him; that he extended his arm out of the window to stop the cars following him to the rear; that he was in a spot where he had a perfect right to be. He had no reason to anticipate that the automobile of appellant would be suddenly driven back against him when standing there in plain sight. With such testimony in the record the

question of contributory negligence was for the jury to determine.

The appellant complains of the court's ruling on the given instructions for appellee. We have examined the instructions with reference to the argument and the objections urged by appellant but find no substantial error. The instructions are substantially correct and there was no reversible error in the giving of the same.

It is further urged that appellant's wife should have been permitted to testify regarding the statements that appellee was permitted to prove that she made at the doctor's office following the accident. Under the holding in *Foster v. Shepherd*, 258 Ill. 164, and *Chicago City Ry. Co. v. Bundy*, 210 Ill. 39, that is true and if Stella Ashbaugh had been offered for that purpose it would have been error to exclude her testimony. However the record shows the following:

Q. State your name, please.

A. Stella Ashbaugh.

Q. Are you the wife of the defendant, Ed Ashbaugh?

A. Yes, sir.

Q. I wish to direct your attention to the evening of June 9, 1931, with reference to whether or not you were operating an automobile on that evening. Were you driving a car that evening?

A. Yes, sir.

Q. Who, if anyone, was in the car with you?

MR. SUMNER: We object.

COURT: Objection sustained.

MR. HUFFMAN: Do you object to the witness testifying on the ground she is the wife of the defendant?

MR. LEWIS: Unless you say she is his agent.

MR. HUFFMAN: That is all.

In the case of *Kirman v. Hutchinson*, 254 Ill. App. 469, it was held that a wife driving her physician husband's car to carry him and a friend to visit sick rela-

tives was not engaged in her husband's business when the car struck and killed a pedestrian, so as to be competent to testify for her husband under section 5 of the Evidence Act, Cahill's St. ch. 51, ¶ 5, and therefore the objection to the wife's testimony in general in this case was properly sustained. The offer to introduce testimony on the part of the wife to explain statements made by her and placed in evidence by the appellee was not properly presented to the court and no error was committed by the court in sustaining the objection to the wife's testimony.

In our opinion there is no reversible error in the record and the judgment of the trial court is affirmed.

*Affirmed.*